## BENJAMIN vs. COVERT, imp.

*April 10 — May 10, 1882.*

*(1) Instructions to jury. (2) Res Adjudicata.*

1. A refusal to give an instruction asked, to the effect that certain facts did not constitute the defendants partners as between themselves, was not error, where there were other facts in evidence bearing upon the question of partnership, which the form of the instruction might have led the jury to disregard.

2. It is *res adjudicata* by a former decision herein (47 Wis., 375), that evidence was admissible for the plaintiff against the appealing defendant, to show that when plaintiff, before making the sale which is the subject of the action, and which was negotiated with the appellant's co-defendant, sought information of business men and of a commercial agency in the city where they did business, he was informed that the appellant and his co-defendant, who had been partners in fact a couple of years before, were *reputed* to be still partners; the court in its instructions limiting the effect of the evidence to the question whether the plaintiff, at the time of the sale, knew of such general repute.

APPEAL from the Circuit Court for *Rock* County.

The defendant *George Covert* appealed from a judgment rendered against him and his co-defendant, Augustus Covert.

For the appellant there was a brief by *Bennett & Sale*, and oral argument by *Mr. Bennett*.

*Ed. F. Carpenter*, for the respondent.

LYON, J. This action was before this court on a former appeal, and is reported in 47 Wis., 375. A statement of the case will be found in that report. It is sufficient to state here that the action was brought against the appellant and Augustus Covert, charging them, as partners, for a balance due for coal alleged to have been sold by the plaintiff to the firm between December, 1876, and February, 1877. The defendant Augustus Covert made default. The appellant answered, denying that he was a partner with Augustus after

March, 1874. On the first trial the fact was established by the evidence that the appellant and Augustus were partners for some time previous to the middle of March, 1874, in the grain and coal business, at Clinton in this state, under the name of "A. Covert." This court held, on the former appeal, that if, when the plaintiff sold the coal, the partnership was generally reputed to continue and exist, and the appellant, knowing the fact, did nothing to correct that belief, and if the plaintiff knew that they were reputed to be partners, and sold the coal on the faith and credit that they were partners, the appellant was liable in the action. A judgment for the appellant was reversed because evidence tending to prove some of these propositions was excluded by the circuit court. On the last trial the plaintiff recovered against *George Covert,* who appeals from the judgment. The appellant testified, concerning the alleged partnership, that in May, 1873, it was agreed between himself and Augustus that the latter should use his (appellant's) third interest in the warehouse in which the business was transacted; that appellant was to furnish him means as he pleased and as he could to carry on the business, and was to give the appellant a share of the profits as rent and for the use of the money so advanced; but that, because Augustus was his brother, "of course it was left discretionary with him what and how much he would give."

The learned circuit judge gave the jury several instructions proposed on behalf of the appellant, and also delivered a carefully prepared general charge, in which the rules of law by which the question of partnership should be determined were fully, clearly and accurately stated. He refused, however, to give the following instruction proposed by counsel for the appellant: "An agreement or understanding that *George Covert* should let Augustus Covert occupy his one-third interest in the Clinton elevator, and the fact that he lent or should lend him money to be used in the business,

and that Augustus should pay *George Covert* as *rent* and for the use of his money an indefinite share of the profits, as in his discretion he might determine, does not constitute *George* and Augustus Covert partners as between themselves." This proposed instruction seems to have been framed on the theory that the testimony of the appellant above mentioned proved, incontrovertibly, not only that the agreement to which he testified was made, but that it was the .only basis for the claim that the alleged partnership ever existed; or at least the jury might well have so understood it. There is testimony of other facts and circumstances tending to prove the existence of the alleged partnership, from which the jury might properly have found it to have existed, notwithstanding the testimony of the appellant concerning his agreement with Augustus in 1873. The testimony of these facts and circumstances is entirely ignored in the proposed instructions, and the agreement between the appellant and Augustus, as testified to by the former, seems to be assumed to be the only agreement between them affecting the question of partnership. Had it been given, the jury might have understood that the question of partnership was thereby practically taken from them. Had the court been asked to instruct the jury that if they believed the agreement testified to by the appellant was made, that of itself, disconnected from all other facts and circumstances proved in the case bearing upon the question of partnership, would not constitute the appellant and Augustus partners as between themselves, we are not prepared to say that such instruction should not have been given. Many of the cases cited by the learned counsel for the appellant seem to support that proposition. We leave the point undetermined, and hold that it was not error to refuse the instruction in the form proposed.

There was sufficient evidence in the case of the alleged partnership, at least until March, 1874; of the general reputation that it continued until after the sale and delivery of

the coal; of knowledge by the appellant of such reputation, and his failure to take any measures or do anything to correct it; and that the plaintiff knew of the existence of such reputation, and delivered the coal under the belief that the partnership still existed,— to send each and all of these questions to the jury. They were submitted to the jury clearly and accurately, in a charge to which no exception was taken, and to which, it seems to us, none could have been successfully taken. That evidence upon all of the above questions of fact was properly received, was settled by the adjudication of this court on the former appeal, and that adjudication is not reviewable on this appeal. Testimony on behalf of the plaintiff was received under objection, that Augustus Covert, who purchased the coal of the plaintiff, informed him that he and the appellant were partners in the business, and referred him to certain parties in Milwaukee, with whom he stated the firm did business, to verify his statement; that the plaintiff sought information of those parties, and also of a commercial agency in that city to which merchants constantly resort for such information, and was informed by all to whom he so applied that the appellant and Augustus were, or were reputed and believed to be, partners. The information being satisfactory, he delivered the coal. The admission of this testimony is assigned as error.

We could not perceive on the former appeal, and cannot now, how the plaintiff could show that he knew it was reputed that the appellant continued to be a partner with Augustus, and that he delivered the coal on the faith and credit of the firm, by any other kind of evidence. The judge in his charge carefully instructed the jury that this testimony did not tend to prove the existence of a partnership in fact at any time, and confined it strictly to the question as to whether the plaintiff knew that the partnership was generally reputed to exist. On the former appeal the judgment was reversed because the court excluded testimony offered by the

plaintiff of precisely the same character, and, so far as it relates to the commercial agency report, the same testimony. Page 379. It is therefore *res adjudicata* in the case, that the testimony was properly received.

Some other exceptions to the rulings of the court appear in the record, but it is believed that none of them, not specially referred to in this opinion, are of sufficient importance to require discussion. Finding no material error disclosed in the record, we cannot disturb the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

CASSODAY, J., took no part.