HEUCKE, Respondent, vs. THE MILWAUKEE CITY RAILWAY COMPANY, Appellant.

*September 23 — October 11, 1887.*

*Appeal: Evidence: Jury: Negligence: New trial.*

1. Error cannot be predicated upon improper remarks made by the plaintiff's counsel in his opening to the jury, unless the attention of the trial judge was called thereto and he made some ruling upon it.

2. In an action against a street railway company for a personal injury to a passenger, caused by a collision between its car and a hook and ladder truck crossing its course, evidence that, immediately after the accident, brakes were put upon that and other trucks, is not competent for the purpose of showing that they were defective, as that would not excuse the negligence of defendant's driver.

3. In an action against a corporation, a juror who testifies, upon a challenge for favor, that he has had some business difficulty with the president of the company, who is one of its principal stockholders, but has none against the company, and thinks he can render an impartial verdict in the case, is a competent juror; but even if it was error not to exclude him on that challenge, the judgment should not be reversed for that reason, where it appears that the case was tried by an unobjectionable jury, and does not appear that the defendant was prejudiced by being obliged to use one of his peremptory challenges to exclude him.

VOL. 69 — 26

4. The objection that no list of jurymen was made out and certified, as prescribed by secs. 2526, 2527, R. S., is in the nature of a challenge to the array, and cannot be entertained upon a motion for a new trial made after verdict, unless the moving party shows that he was injured by the irregularity.

5. It is the duty of the driver of a street car to exercise the highest degree of care to avoid any collision or accident, especially at street crossings; his first and highest duty is to secure the safety of his passengers, and for that purpose he should exercise all the care that prudence may suggest in looking about and listening so as to assure himself that his track is clear and safe, and for his failure to do so his employer is responsible.

6. Where, in an action for a personal injury sustained by a passenger in a street car in consequence of a collision at a street crossing between the car and a hook and ladder truck coming down a street from the north, it appeared that the car-driver did not look to the north when approaching that street, and that if he had done so he might have seen the truck and taken measures to avoid it, *held*, that the question of his negligence was properly submitted to the jury.

7. Where, in an action for personal injuries caused by defendant's negligence, the evidence showed that the plaintiff had suffered severe pain for months, and had not, at the time of the trial, more than three years after the accident, entirely recovered, and physicians who had examined her differed in opinion as to whether she would ever entirely recover, *held*, that a verdict of $4,000 should not be set aside as being excessive.

APPEAL from the Circuit Court for *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *E. P. Smith*, and *Rogers & Mann*, and oral argument by *Mr. Smith*. They argued, among other things, that the juror challenged for favor was not entirely impartial, and the refusal of the court to sustain the challenge was ground for a new trial. *Reynolds v. United States*, 98 U. S. 156; *Montague's Case*, 10 Gratt. 767; *People v. Bodine*, 1 Den. 281; *Stokes v. People*, 53 N. Y. 172; *Freeman v. People*, 4 Den. 23; *Studley v. Hall*, 22 Me. 198; Thompson & Merriam on Juries, 201, 205, 268, 269; 1 Graham & Wat. New Trials, 20; 2 id. 394,

398. He should have been excluded, even though he said he could try the case impartially. *Polk v. State,* 45 Ark. 165; *Chi. etc. R. Co. v. Adler,* 56 Ill. 345; *People v. Casey,* 96 N. Y. 125. Being obliged to use one of their peremptory challenges on such juror prejudiced defendants. *Lithgow v. Comm.* 2 Va. Cases, 297; *Sprouce v. Comm.* id. 375; *Dowdy v. Comm.* 9 Gratt. 727; *Stokes v. People,* 53 N. Y. 164, 175; *Greenfield v. People,* 74 N. Y. 277. The defendant's challenge to the array should have been sustained. It was not a legal panel, and the defect was not discovered until after the trial. *Baker & Griffin v. Steamboat Milwaukee,* 14 Iowa, 214; *Cox v. People,* 19 Hun, 439; 80 N. Y. 511; *Jones v. State,* 3 Blackf. 38; *Campbell v. State,* 48 Ga. 353; *Gardner v. Turner,* 9 Johns. 260; *Eaton v. Comm.* 6 Binney, 447; *Elkins v. State,* 1 Tex. App. 539; *Shackleford v. State,* 2 id. 385; *Bennet v. State,* 24 Wis. 57; *Kennedy v. Williams,* 2 Nott & McCord, 79. The evidence shows that the accident was not caused by the negligence of defendants. *Federal St. R. Co. v. Gibson,* 96 Pa. St. 85; *Bower v. C., M. & St. P. R. Co.* 61 Wis. 461; *Duffy v. C. & N. W. R. Co.* 32 id. 274, 275; *Bulger v. Railway,* 42 N. Y. 459; *Adolph v. Cent. Park, etc. R. Co.* 76 N. Y. 530; *Cohen v. Dry Dock, etc. R. Co.* 40 N. Y. Supr. 368; 69 N. Y. 170. The court erred in its instructions relative to the care and diligence required of defendants. *Ethrington v. Prospect Park, etc. R. Co.* 88 N. Y. 641; *Sawyer v. H. & St. J. R. Co.* 37 Mo. 240; *Meesil v. Lynn & B. R. Co.* 8 Allen, 234; Thompson on Carriers, 444, sec. 6; Hutchinson on Carriers, secs. 498–503; Angell on Carriers, secs. 462, 521; 2 Kent, Com. 600, 601; Patterson R'y Acc. Law, sec. 279; *Ballou v. C. & N. W. R. Co.* 54 Wis. 267; *Camden, etc. Co. v. Burke,* 13 Wend. 628; *Indianapolis, etc. R. Co. v. Horst,* 93 U. S. 291, 296. The damages were excessive, in the absence of evidence of permanent disability. *White v. M. C. R. Co.* 61 Wis. 536.

For the respondent there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *F. C. Winkler.*

COLE, C. J.   The first error assigned for a reversal of the judgment is the refusal of the trial court to sustain the defendant's challenge of the juror Damon.   This juror was examined touching his qualifications, and as to whether he was sensible of any bias or prejudice against the defendant. It appeared on the examination that the juror had had some business difficulty with Mr. McGeoch, the president, and one of the principal stockholders, of the defendant corporation, and did not feel friendly towards him.   Notwithstanding this feeling, the juror thought he could render an impartial verdict in the case.   The action was against the corporation, not against Mr. McGeoch, and the fact that the juror had some unfriendly words with the latter, which had left an unpleasant feeling, did not, we think, disqualify him from sitting as a juror.   He might be perfectly indifferent as to the parties to the suit, though he might have had some business trouble with a stockholder.   It is obvious that the action did not involve the acts of Mr. McGeoch.   The challenge was one for favor, not for principal cause (*Schoeffler v. State,* 3 Wis. 823), and was tried by the court, which, in effect, held that the juror was competent.   The defendant then challenged the juror peremptorily, and he was set aside.   But assuming, for the purposes of the case, that the court erred in not excluding the juror on the challenge for favor, still, as he did not sit in the cause, the only possible injury the defendant sustained by the alleged error was that it was compelled to use one of its peremptory challenges to set aside the juror.   It is true, the defendant afterwards peremptorily challenged two jurors in the box, when, its peremptory challenges being exhausted, no further challenges were made.   But we cannot assume, upon the record, that the defendant was prejudiced in any way be-

cause it had used one of its peremptory challenges to exclude the juror Damon. *Non constat* but the jury which tried the cause stood perfectly indifferent between the parties, and was unobjectionable every way.

After verdict, the defendant moved for a new trial on several grounds, one of which was that no list of jurymen was made out and certified, as prescribed by secs. 2526, 2527, R. S. This objection was in the nature of a challenge to the array, and, if well founded, came too late. Sec. 2881 provides that " no irregularity in any writ of *venire facias*, or in the drawing, summoning, returning, or impaneling of petit jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict." No fact or circumstance is shown which warrants the assumption that the cause was not tried by a fair and impartial jury; so, if there was any irregularity in the method of selecting the panel, it does not appear that the defendant was injured by it. Under the old practice, a challenge to the array was not entertained after verdict, and it cannot be now, under the statute, unless it is made to appear by the party objecting that he was injured by the irregularity. See Co. Litt. 158*a;* 2 Tidd, Pr. 851; 1 Burrill, Pr. 454; 3 Wait, Pr. 721. The fact that neither the officers nor counsel of the defendant knew of the irregularity as to the listing of the jurors until after the verdict, cannot change the rule. By diligence it could have been ascertained from the public records that the statute had not been complied with in that regard, if such was the case.

This action was brought to recover damages for injuries sustained by the plaintiff while riding on the defendant's road. The car in which she was riding was going west, on State street, in Milwaukee, and came in collision with a hook and ladder truck of the fire department, while cross-

ing Fourth street. The streets cross each other at right angles. The truck was going south, on Fourth street, and it was claimed that the driver of the street car was guilty of negligence, which caused the injury. The learned counsel for the defendant insists that, as a matter of law, the evidence conclusively shows no negligence on the part of the driver, but that he used every reasonable precaution to avoid danger. This position of counsel is wholly unsupported by the evidence as we understand it. The learned circuit court submitted to the jury the question whether the driver of the street car was exercising a proper degree of care and attention in the management of his car when the collision occurred. The jury found he was not, and that if he had used proper care he would have avoided the collision. There is ample evidence to sustain this finding. One circumstance alone is sufficient to show that the driver of the street car was not giving proper attention to his duties; and that is, he failed to look north as he came to the east line of Fourth street, to see if there was any vehicle approaching. If he had looked in that direction, he would have seen the approaching truck, and taken precautions to avoid a collision with it. There can be no doubt but that the court correctly submitted the question of the driver's negligence to the jury on the evidence.

A number of exceptions were taken to the ruling of the court on the trial, in sustaining or overruling objections to questions asked witnesses. We have examined these various exceptions, and do not think there is any material error in such rulings. It is said that the reckless management of the truck, as it came down Fourth street, was the principal, if not the only, cause of the collision. The defendant proposed to show that a brake was put upon this, and other city trucks, directly after the accident. The object of the evidence was to show that there was a defect in the truck, so that it could not be readily stopped. The materiality of

this testimony is not obvious. The court held, in effect, that whether the truck was driven with care or not, was only significant as bearing upon the question whether the accident was unavoidable; that it was no excuse for negligence on the part of the driver of the street car that those in charge of the truck were also negligent, or driving at a rapid rate. The principle is familiar that all persons who act together in committing a tort are jointly and severally liable therefor. So, even if the collision was caused by the joint negligence of the driver of the street car and those in charge of the truck, still the defendant is responsible for the injury.

Exceptions were taken to the refusal of the court to give certain instructions asked on the part of the defendant, also to instructions given on behalf of the plaintiff, as well as to the general charge of the court. Without noticing these various exceptions in detail, they all resolve themselves into the objection that the court held the defendant to a too strict rule of diligence in respect to its passengers. Upon this point, the court instructed the jury that it was the duty of the driver of a street car to exercise the highest degree of care, to avoid any collision or accident; that his first and highest duty was to secure the safety of his passengers, and, to do that, he should exercise all the care that prudence might suggest in looking about and listening, so as to assure himself that his track was clear and safe; that this duty was greater at a street crossing than at other ordinary places. We do not think that this was holding the defendant to a stricter responsibility in its business than the law imposes. The defendant was surely bound to exert the utmost care and prudence in carrying its passengers, and is responsible for a slight want of that care which a careful and vigilant man would observe under the like circumstances, and in the management of such business. It was certainly bound to employ drivers for its cars who would

exercise due care, and look about them, and listen and take all precautions to avoid collisions, which a prudent man would do. "The utmost care and diligence," "the highest degree of care and diligence," are expressions to measure the care and diligence which a prudent man would exert in that business under like circumstances. The rule required that the car driver should exercise the utmost care for the safety of the passengers in the car; should be vigilant and careful, to avoid collisions with all vehicles upon the track, especially at crossings. This was no more care than every prudent man would exert for the safety of the passengers, who was carrying on such business. When the charge is considered with reference to the facts disclosed by the evidence, and the particular act of negligence complained of, it will be found unobjectionable. It would seem that the jury were warranted in finding that the driver in this case was guilty of gross carelessness, if he failed to look north as he came to Fourth street, to see if anything was approaching from that direction with which he was in danger of colliding. The fact that the driver was vigilant or cautious before he reached Fourth street was quite immaterial to the inquiry. The most ordinary prudence would dictate that he should give attention to his duties, and be vigilant at the crossing of Fourth street. This is too plain for argument.

The jury found a verdict for $4,000 damages. It is claimed that this is excessive. Dr. Zinn, the physician called to attend the plaintiff on the 19th of November, the night of the accident, testified that he found her in bed, suffering great pain; "found a fracture of the pelvis; that portion called the *ilium*,— the crest of the *ilium*." He attended upon the plaintiff until the 5th of February, calling forty-five or forty-six times. He says she suffered considerable pain, and had to remain in bed two months. She was naturally of a nervous temperament, and the shock

tended to make her more nervous, and disable her for business. He thought the probabilities were that she would recover in time, so as to be able to resume work. In his opinion the injury was not permanent, though he said perhaps she would not entirely recover from it. Dr. Reinhardt, a physician, called to see plaintiff once or twice with Dr. Zinn. He corroborates Dr. Zinn as to the nature of the injury, and thought if the plaintiff was disabled at the time of the trial on account of the injury, that she would not fully recover from it; that she would be liable to suffer pain from the injury, "if she has not recovered up to this time." Drs. Senn, Mackie, and Thompson examined the plaintiff at the time of the trial, and could not discover evidence of any permanent anatomical injury or lesion. They were of the opinion that she would recover entirely. This was the substance of the medical testimony. It was clearly shown that the plaintiff suffered severe pain for months, and that she had not recovered from the injury at the time of trial, which took place more than three years after the accident. Such being the case, we do not feel warranted in saying that the verdict is excessive, and should be set aside for that reason.

Lastly, it is insisted that the language made use of by one of plaintiff's counsel (Mr. Fish), in his opening argument to the jury, in alluding to facts not pertinent to the issue, were unauthorized, and calculated to prejudice the case of the defendant. It is said that these remarks were objected to at the time as improper, by defendant's counsel, but they were not taken down by the reporter, nor does there appear to have been any ruling of the court upon them. At the close of Mr. Fish's argument, he repeated these remarks, so that they might be taken down. The record states that "thereupon counsel for the defendant objected to the remarks, and made exception thereto, but the court was not asked to make any ruling as to whether or not such remarks

were proper, and made no ruling with reference thereto." It will be seen that the record shows no ruling of the court upon the character of the remarks in question; therefore, presents nothing which this court can review. The attention of the trial judge should have been called to these remarks, and his rulings had upon them, in order to enable this court to review them. We can only consider alleged erroneous rulings of the trial court which appear upon the record. We may say, however, that the remarks were improper, and should not have been made, but the record presents no ruling in regard to them. Of course, error cannot be predicated upon them in this state of the record. This disposes of all the questions which we deem it necessary to notice.

It follows that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.