Bovi and others, Plaintiffs and Respondents, vs. MELLOR and another, Defendants and Respondents: FIORE and another, Defendants and Appellants. [Two cases.]

*October 12—November 16, 1948.*

460

*Vilas H. Whaley* of Racine, for the appellants.

For the respondents Bovi there was a brief by *Simmons, Walker, Wratten & Sporer,* and oral argument by *Louis J. Roshar,* all of Racine.

*John R. Brown* of Racine, for the respondents William C. Mellor and the Century Indemnity Company.

*James S. Fornary* of Racine, for the respondent Mary Fiore.

MARTIN, J. By its special verdict the jury found that Fiore was negligent in deviating to the left from the traffic

lane in which he was operating without first ascertaining that such movement could be made with safety to the Mellor truck approaching from the rear; that he was negligent in increasing the speed of his automobile before completely passed by the Mellor truck; that his negligence was an efficient cause of the collision; that he failed to exercise ordinary care not to increase the danger assumed by the plaintiffs upon entering his automobile or add thereto a new danger with respect to said deviating, increasing speed, or with respect to management and control; that such failure on the part of Fiore was an efficient cause of the collision; and that the negligence of Fiore was one hundred per cent the cause of the collision.

The disputed facts in this case are as follows: Plaintiffs contend, as does defendant, Nick Fiore, that the Fiore car as it traveled west on Highway 15 was at all times to the right of the center of the highway; that the truck operated by defendant Mellor in attempting to pass the Fiore car cut in ahead of it, striking the Fiore car on the left side and dragging it a considerable distance on the highway. When the cars separated, the Fiore automobile was forced off the pavement into the ditch on the north side of the road.

Defendant Mellor contends that he saw the Fiore car a distance of one and one-quarter to two miles and during that time the Fiore car was weaving back and forth across the road; that upon two occasions he signaled his intention to pass and each time Fiore pulled his car across the center of the pavement allowing him insufficient room to pass. He contends that on his third attempt he signaled his horn. When he started to pass the Fiore car it was north of the center of the pavement; that when his truck was two thirds past the Fiore car, Fiore turned across the center of the highway and collided with the side of the truck. Mellor contends that at the time of the collision the left wheels of his truck were off on the left shoulder of the road.

Floyd Mellor, who was riding in the cab with defendant, William Mellor, stated that Fiore increased his speed as he was being passed and Fiore's automobile had a tendency to come to the left into the truck; also that Fiore's car was weaving from one side of the road to the other when they came upon it, and that Fiore had forced four or five oncoming cars off the road.

Fiore denied that he weaved or forced any cars onto the shoulder of the road as claimed by the Mellors. Plaintiff Mary Bovi stated that she knew Fiore was on the right side of the road but that she was unable to see the center line of the road, and that she could not say where the left wheels of the Fiore car were with relation to the center line.

Defendants contend that the plaintiffs as a matter of law assumed the risk incident to riding in defendant's car.

The answer to this is that if the only testimony in the case consisted of the Mellor brothers, the court might so hold. However, the swerving of the car, driving on the wrong side of the road, and increasing of the speed are all denied by defendant and the plaintiffs, thus clearly making it a jury question. The jury found defendant, Nick Fiore, failed to exercise ordinary care not to increase the danger assumed by the plaintiffs upon entering his automobile or add thereto a new danger with respect to deviating to the left from the traffic lane in which he was operating without first ascertaining that such movement could be made with safety to the Mellor truck approaching from the rear, increasing the speed of his automobile before completely passed by the Mellor truck, and with respect to management and control; and finding this to be causal was for the jury. The instructions of the court on this question clearly cover the "assumption of risk."

"The guest also assumes the risk of danger incident to the host's negligent driving of which either is aware and in which he acquiesces of whatever that negligence may consist. If the

host is negligent in any respect in the operation of the automobile and that fact is known, or in the exercise of ordinary care ought to be known to the guest, and such negligent conduct continues for a sufficient length of time so as to afford to the guest a reasonable opportunity to protest or object, then if the guest under such circumstances fails to make timely protest or objection and such negligent manner of driving continues, the guest is deemed in the law to have acquiesced therein and to have assumed all risk of danger incident thereto. What constitutes a timely, adequate, and sufficient protest or objection depends upon the facts and circumstances present, it being the duty of the guest to take such steps with respect to protest or objection as a person of ordinary intelligence and prudence would take under the same or similar circumstances."

There is nothing in the present case to take it out of the general rule that the question of a guest's assumption of risk is ordinarily a question for the jury. *Helgestad v. North* (1940), 233 Wis. 349, 289 N. W. 822; *Forecki v. Kohlberg* (1941), 237 Wis. 67, 295 N. W. 7, 296 N. W. 619.

The questions of defendant Mellor's negligence were properly submitted and covered by proper instructions:

"Sec. 85.16 provides that the operator of any vehicle overtaking another vehicle proceeding in the same direction shall pass such vehicle at a safe distance to the left thereof and shall not again operate to the right side of the roadway until safely clear of such overtaken vehicle."

Defendants complain that there was no allegation in the plaintiffs' complaints that defendant increased the speed of his automobile before being completely passed by the Mellor truck. There was such evidence adduced on the trial. We will consider the complaint amended to accord with the facts found. See *Kuester v. Rowlands* (1947), 250 Wis. 277, 26 N. W. (2d) 639; sec. 274.37, Stats.; *Madison Trust Co. v. Helleckson* (1934), 216 Wis. 443, 257 N. W. 691.

The jury was instructed by the trial court relative to the issues involved. They had an opportunity to observe the

various witnesses, and the manner in which they testified. It is for the jury to pass upon the credibility of witnesses and to reconcile controverted facts as produced by the evidence.

It is stated in *Warden v. Miller* (1901), 112 Wis. 67, 69, 87 N. W. 828:

"It seems hardly necessary at this late date to reiterate the rule that a jury's conclusion, especially upon such a question as negligence, cannot be disturbed by this court if there be any credible evidence, which, in its most favorable view, to any reasonable mind, can support the conclusion reached."

The defendants allege error in the court's sustaining objections by the plaintiffs to the following questions asked Mary Bovi and Gaetano Bovi, respectively:

"*Q.* Now, you don't know whether or not he was in any way to blame for the first collision? *A.* No, he wasn't. "*Q.* You think that Mr. Fiore in driving his car was exercising care and was driving carefully when the accident happened? *A.* Yes."

However, in the adverse examinations introduced in evidence by the defendants, Mr. Bovi was asked:

"*Q.* And would you say that Mr. Fiore when he was driving the car was a careful driver? *A.* He's always careful."

Mrs. Bovi was asked in the adverse examination:

"*Q.* You would consider him a careful driver then from the way he drove his car that day? *A.* That is right."

If the court's ruling was erroneous, defendant Fiore was not in any way prejudiced, as practically the same testimony was admitted without objection.

The jury's verdict is supported by sufficient and credible evidence.

*By the Court.*—Judgments affirmed.

BROADFOOT, J., took no part.