ELIASON, Special Administratrix, Respondent, vs. NORTH-LAND GREYHOUND BUS LINES, INC., Appellant.*

*March 3—March 31, 1953.*

* Motion for rehearing denied, with $25 costs, on June 2, 1953.

438

For the appellant there was a brief by *Stephens, Cannon, Bieberstein & Cooper* of Madison, and oral argument by *A. J. Bieberstein.*

For the respondent there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *Warren P. Knowles III.*

MARTIN, J. Appellant's main contention· is that the collision occurred in the west lane of the highway and that any negligence on the part of the bus driver could not have been a proximate cause of the accident.

We do not agree that the physical facts are conclusive. Considering all such facts, it cannot be said that they are susceptible of only one inference. Clearly, a question for the jury was presented and it was entitled to accept the version of Officer Grognet, which supports the finding that Nelson was not negligent with respect to the position of his automobile on the highway. As the trial court observed, the weight of the evidence may have been contrary to Grognet's version, but his testimony was not incredible and the jury had the right to believe it. Under the well-established rule that where inferences must be drawn from conflicting evidence and there is any credible evidence to support the inference drawn by the jury, the finding must be upheld, it would have been improper for the court in this case to have changed the answer in the special verdict respecting Nelson's negligence as to his position on the highway. *Gumm v. Koepke* (1938), 227 Wis. 635, 278 N. W. 447; *Duss v. Friess* (1937), 225 Wis. 406, 273 N. W. 547; *Trautmann v. Charles Schefft & Sons Co.* (1930), 201 Wis. 113, 228 N. W. 741.

Appellant further contends that even if its driver had been negligent in the respects found by the jury, such negligence could not have caused the accident since the negligence of Nelson was an intervening cause. This contention is also based on the argument that Nelson invaded the west lane, which the jury found he did not do. It is true that the bus, traveling north on the west shoulder of the road, did not itself collide with either vehicle involved in the accident and that its path on the shoulder left the entire west lane of the pavement clear for passage of the truck. But, as the trial court stated in its opinion, the negligence of the bus driver which brought him to the west shoulder of the highway, traveling at a high rate of speed and creating a cloud of dust, is directly related to the events that followed. Certainly it cannot be said that the operation of his vehicle by the truck driver would not be affected by the bus approaching head on in his lane of travel at high speed, at nighttime, and then occupying the shoulder to his right, while another vehicle occupied the east lane. Williams' negligent operation of the bus was a link in the continuous chain of circumstances leading to the collision, and the trial court correctly held that an instruction on intervening cause was not proper under the facts of the case.

The question of the truck driver's negligence is not before us, and we make no comment on that point except to say, as the learned trial court said, that we "would be better satisfied with a verdict that exonerated Lehman from negligence and placed more blame upon Nelson."

So far as the apportionment of negligence is concerned, appellant takes the position that Nelson's negligence with respect to managing and controlling his car as the bus attempted to pass was the original wrongful act which put the other causes in operation, and that such negligence was at least equal to that of the bus driver. Nelson's prior conduct, however, should have warned Williams to expect some difficulty in passing the car on the second attempt and to have

his vehicle under such control as to enable him to fall back into the east lane should traffic approaching from the north make it impossible for him to pass in safety. Instead, he increased his speed in the west lane and when he noticed the lights ahead took the west shoulder, placing the truck in the precarious position of passing between the two northbound vehicles.

Under these facts, it cannot be said as a matter of law that Nelson's negligence was equal to or greater than that of Williams. Under such circumstances we have repeatedly held that the comparison is for the jury.

*By the Court.*—Judgment affirmed.