KALISH, Plaintiff, vs. MILWAUKEE & SUBURBAN TRANS-
PORT CORPORATION, Defendant. [Two appeals.]*

*December 9, 1954—January 11, 1955.*

* Motion for rehearing denied, with $25 costs, on March 8, 1955.

494

For the plaintiff there were briefs and oral argument by *Walter J. Steininger,* attorney, and *Thomas P. Maroney* of counsel, both of Milwaukee.

For the defendant there were briefs by *Kivett & Kasdorf,* attorneys, and *Clifford C. Kasdorf* and *Alan M. Clack* of

counsel, all of Milwaukee, and oral argument by *Mr. Clifford C. Kasdorf* and *Mr. Clack.*

BROWN, J.  The trial court referred to the principle that the jury's answers to questions of fact are not to be disturbed if there is credible evidence to support them. *Strnad v. Co-operative Insurance Mutual* (1949), 256 Wis. 261, 40 N. W. (2d) 552. And a court must view the evidence in the light most favorable in support of the verdict. *Bovi v. Mellor* (1948), 253 Wis. 458, 34 N. W. (2d) 780. Nevertheless, the trial court failed to discover evidence upon which the finding of negligent operation could be sustained and in this, we think, it erred.  The jury could believe the testimony of the witness who by measurement found that the distance from the south end of Mader's restaurant to the north end of the safety island was 194 feet and to the south end of the safety island an additional 75 feet.  Allowing for the length of the bus, it could believe that the motorman discovered his car was not under control when it was more than 200 feet north of the rear end of the bus and still he did not apply his emergency brake until, in his own version, he was 25 feet away from it.

A common carrier of passengers, such as a streetcar company, owes to its patrons the highest duty of care to avoid injury to them by collisions. *Heucke v. Milwaukee City R. Co.* (1887), 69 Wis. 401, 34 N. W. 243.

"The degree of care required of a common carrier is not capable of a precise formulation, applicable to all situations that may arise.  In general, however, carriers of passengers are required to exercise the highest degree of care, vigilance, and precaution for the safety of those it undertakes to transport, and are liable for the slightest negligence." 10 Am. Jur., Carriers, p. 163, sec. 1245.

On this evidence, the motorman's delay in resorting to the emergency brake until even that was used too late, presents

a jury question of his care or negligence in the operation of the streetcar. The jury's answer may not be disturbed. The judgment of the trial court dismissing plaintiff's action therefore must be reversed.

Defendant, prudently foreseeing such a result and believing that there were errors in the jury's computation of damages, has appealed from the denial by the trial court of its motions after verdict which demanded the reduction or elimination of certain items of damage.

The damage questions of the special verdict were the following:

At what sum do you assess his damages in the following items:
   (a) Medical expense. Answer.......$ 299.75
   (b) Loss of wages. Answer:........$1,000.00
   (c) Pain and suffering and disability, if
        any. Answer...............$3,500.00

The jury found plaintiff's medical expenses were $299.75. This is the sum of the hospital bill of $219.75 and the $80 bill of Dr. Ansfield on whom the plaintiff called after he was discharged from the hospital. The hospital record shows that when plaintiff was admitted on July 22, 1953, he was suffering from a sprain of the sacroiliac joint, from bronchitis, and from osteoarthritis of the lumbar spine. Defendant contends that plaintiff was treated for all three ailments and it should not be compelled to pay for treatment of the second and third conditions, which had no connection with the accident. We have reviewed the record and find no treatment for the bronchitis or arthritis except a little cough medicine for the former. No doubt the bed rest was good for the bronchitis but he was in bed because of the sprain and was discharged when his back was sufficiently improved to permit him to be up and about. The cough syrup certainly comes under the rule of *de minimis*. We find no treatment for arthritis, and the patient testified that before the accident his back did not

pain him. Expert evidence is here that such a painless form of arthritis is known and we must conclude that the entire hospital bill is attributable to the streetcar collision.

The remainder of the jury's allowance for medical expense is $80 which is the bill of Dr. Ansfield, an orthopedic specialist. Plaintiff left the hospital on August 1, 1953, but continued to receive outpatient treatment at the county dispensary. On August 11, 1953, he called on Dr. Ansfield and called again on May 4, 1954, two days before the trial, at which the doctor testified as plaintiff's expert. At his first call Dr. Ansfield gave him a thorough physical examination and detailed this in a written report, stating his diagnosis and recommending treatment, which report the doctor sent to plaintiff's attorney. Dr. Ansfield did not treat plaintiff then or later. We think it is clear that plaintiff was not the doctor's patient but the services were rendered in preparation for trial. We are impressed with the thoroughness of the physical examination and the doctor's fairness and objectivity as an expert witness, but his bill falls into the category of legal rather than medical expense. The jury's allowance for the latter must be reduced to the hospital charges alone, $219.75.

The court instructed the jury that it could assess damages for pain and suffering from the date of the accident to the date of the trial and for future permanent disability, pain and suffering. There was no instruction concerning loss of wages. Defendant objected that there was a duplication between the loss of wages in (b) and the disability in (c) and we must agree that we are unable to determine what items the jury intended its answers to cover. The qualifying phrase "if any" makes it uncertain if any part of the allowance of $3,500 for question (c) is in compensation of disability and it is likewise uncertain whether such disability as the jury may have meant to recognize is inability to work for pay, and to a greater or less extent included in (b). The court's instruc-

tions give us no help and we are compelled to regard the verdict, as submitted to the jury, confusing and misleading. Therefore, we consider the interests of justice require a new trial on the issue of damages.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate the answers of the jury respecting causal negligence, to conduct a new trial on the question of damages, and to enter judgment for plaintiff for damages in the amount so determined, and for such other proceedings as are not inconsistent with this opinion. On such trial the question of medical expense shall be answered by the court in the amount of $219.75.