Bush, Respondent, vs. Mahlkuch and others, Appellants.

*February 6—March 6, 1956.*

For the appellants there was a brief by *Schubring, Ryan, Petersen & Sutherland* and *James C. Herrick,* all of Madison, and oral argument by *Mr. Herrick.*

For the respondent there was a brief by *Aberg, Bell, Blake & Conrad* and *Charles P. Seibold,* all of Madison, and oral argument by *Mr. Seibold.*

BROWN, J. It is the duty of the appellate court to view the evidence in the light most favorable to support the verdict. *Kalish v. Milwaukee & Suburban Transport Corp.* (1955), 268 Wis. 492, 495, 67 N. W. (2d) 868; *Frenzel v. First Nat. Ins. Co.* (1954), 267 Wis. 642, 644, 66 N. W. (2d) 679. The jury's answers to questions of fact are not to be disturbed if there is credible evidence to support them. Id. Where inference must be drawn from conflicting evidence and there is credible evidence to support the inference drawn by the jury, the finding must be upheld. *Eliason v. Northland Greyhound Bus Lines, Inc.* (1953), 263 Wis. 435, 439, 57 N. W. (2d) 675. As to disputed testimony, it is for the jury to determine where the truth lies. *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 110, 62 N. W. (2d) 549, 63 N. W. (2d) 740.

Applying the foregoing axioms to question (1) of the special verdict we note that plaintiff had no written lease nor other document by which her landlords expressly agreed to care for the walk on which she fell. But she testified that

the defendants employed a janitor, one Zander, who actually did clean the walks and Zander testified that it was his duty to do so and if they became icy to put sand on the slippery spots. We think that where for a long time, as here, the landlord has furnished certain services to a tenant from month to month who holds by virtue of an oral lease which is silent on the subject, the continuation of those services is an implied obligation of the lease and is a duty which, under such circumstances, the landlord has assumed for the benefit of the tenant.

A duty or obligation so assumed does not, however, extend beyond the customary performance of it. That performance not only creates the duty but limits it. This becomes material because appellants submit that if any obligation has been assumed it was not an obligation to tend the walks before 2 p. m., and there was no breach of duty toward a tenant who fell down an hour earlier. To support this contention they show that Zander was employed elsewhere from 6 a. m. to 2 p. m., and unable to do janitor work on these premises between those hours and, in fact, had never done any. Therefore, say appellants, we have not assumed a duty to sand this walk earlier in the day than Zander's return from his other job. Evidence which the jury was entitled to believe answers appellants' argument. Mrs. Bush testified that when the walks needed it Zander took care of them before leaving for work elsewhere. "I am sure that before he went to work, if it was necessary, he would do the walks because the walks were clear." Defendants do not directly deny this early care of walks if conditions required it. Rather, they contend that there was no ice present in this place at the time Zander left for his other work. Zander said he looked at this walk, though from a distance and in the dark at 5:30 that morning, and saw no ice; nor did he see any at this place when, soon after 2 p. m., he was cleaning off the snow, although he did then see ice on the public walk in front of the apartment.

However, Mrs. Bush testified ice was present on the private walk and she slipped on it. There was other testimony that there was some thawing on this, the south face of the building, almost every clear day and that January 3d, the day preceding the accident, was clear. On such days snow melted at the sides of the walk and ran onto it or melted on the roof and dripped from the eaves, which had no gutter, upon the private walk, and there froze, creating a ridge of ice which witnesses had observed on other occasions. Other evidence stated that weather conditions were such that no ice could or did form at this place between midnight preceding the accident and the time Mrs. Bush fell. The evidence is sufficient to support the inference that if ice was present at 2 p. m. on January 4th it was there before Zander went to his other work on that day and should have been discovered and cared for by him. This supports the findings of defendants' causal negligence. The jury might have believed that no ice was present either at 5:30 a. m. or 2 p. m., and, consequently, there was none at 1 p. m., and Mrs. Bush slipped and fell on snow which had not begun to fall when Zander left the premises before 6 a. m., and which neither he nor the landlord had assumed a duty to remove until his return to the apartment at a time later than Mrs. Bush's accident. But the jury did not so find and in our view the record does not compel them to do so.

The jury found that ice caused by water which dripped from the eaves naturally and without direction, or that formed from water which ran from snowbanks melting at the side of the walk was an artificial accumulation. We doubt that such a finding is consistent with what is said in the opinion of *Davis v. Lindau* (1955), 270 Wis. 218, 70 N. W. (2d) 686, but the point is not material to a decision now because of the jury finding that the landlord had assumed the duty of sanding or removing ice; and neither the finding nor the evidence

which supports it distinguish between natural and artificial accumulation in the performance of this assumed duty.

The appellants also submit that the causal negligence of plaintiff was at least equal to that of defendants. Comparison of negligence is for the jury except in cases so extreme that the degree may be determined as a matter of law. When, as here, the negligence of the respective parties differs in kind the determination as a matter of law is still more rare. *Mc-Cauley v. International Trading Co.* (1954), 268 Wis. 62, 73, 66 N. W. (2d) 633, and cases there cited. We cannot regard the evidence here as so definite and certain that the comparison of the negligences of the respective parties may be taken from the jury.

*By the Court.*—Judgment affirmed.