WITTIG, Plaintiff and Respondent, vs. KEPLER and another, Defendants and Appellants: WISCONSIN PUBLIC SERVICE CORPORATION, Defendant and Respondent.*

ROMENESKO and others, Plaintiffs and Respondents, vs. WISCONSIN PUBLIC SERVICE CORPORATION, Defendant and Respondent: KEPLER and another, Defendants and Appellants.*

*March 6—April 9, 1957.*

* Motion for rehearing denied, with $25 costs, on June 4, 1957.

416

For the appellants there were briefs by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *E. L. Everson* and *James L. Everson*.

For the respondent Clara Wittig there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan*.

For the respondent Wisconsin Public Service Corporation there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Lloyd J. Planert*.

BROWN, J.   The appeal challenges only the finding that the negligence of the bus driver was not causal.  On such an appeal the appellate court must adopt that view of conflicting testimony and the inferences reasonably to be drawn from the evidence which best support the finding under attack.  If there is credible evidence to support the finding it should not be disturbed. *Bush v. Mahlkuch* (1956), 272 Wis. 246, 248, 75 N. W. (2d) 283; *Pedek v. Wegemann,* ante, p. 57, 81 N. W. (2d) 49.

Respondent corporation does not contend that the bus driver drove onto the right shoulder of the highway before stopping.  The evidence most favorable to it in respect to the bus' position on the highway is that the right side of the bus was at the right, west, edge of the pavement.  The bus is 7 feet 9 inches wide.  The only evidence concerning the point of contact between the two vehicles is that of the county traffic policeman who came to the scene immediately and who made observations and took photographs.  He testified:

"*Q.* Now, from your recollection and looking at the photograph, can you tell me where the damage was with respect to the center of the bus? *A.* Well, the damage to the center—from the center of the bus was to the left only.

"*Q.* Only to the left? *A.* That's right.

"*Q.* No damage to the right? *A.* No damage to the right."

Omitting portions of sec. 85.19 (1), Stats., which are not applicable here, that section provides ". . . in no event shall any person park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than 15 feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, . . ." This is a safety statute and its violation constitutes negligence as a matter of law. Since the roadway at this place was 18 feet wide and the bus, which was entirely upon the roadway, was 7 feet 9 inches wide, no more than 10 feet 3 inches was left for the free passage of other vehicles, thus establishing negligence respecting the bus' position. On the subject of causation: According to the traffic officer there was no damage to the right of the center of the bus' rear end. This center stood one half of the bus' width of 7 feet 9 inches or 3 feet 10.5 inches east of the west edge of the pavement, and the contact between the vehicles was east of that. The same measurements put the right edge of Kepler's car no closer to the west edge of the roadway than 3 feet 10.5 inches, that is to the center line of the bus' rear end. The above statute commanded the bus driver to leave 15 feet of clear roadway; he left 10 feet 3 inches. To obey the statute, then, the bus was required to be 4 feet 9 inches farther to the west. If it had been so placed the figures show that there would have been a clearance of 10.5 inches between the left side of the bus and the right side of Kepler's automobile. Stated differently, if the right side of Kepler's car was 3 feet 10.5 inches from the west edge of the roadway it was likewise

14 feet 1.5 inches from the east edge, the roadway being 18 feet wide. Under the statute Kepler was entitled to 15 feet of clear passage, or 10.5 inches more than he was occupying, and the bus driver was bound to give it to him. Had the bus done so there would have been 10.5 inches clearance between the vehicles.

By finding that the negligent position of the bus was not a cause of the collision the jury, in effect, found that the collision would have occurred even if the bus had stopped in accord with the statute. No evidence supports such a conclusion. Kepler's tire marks at the point of collision were angling slightly to the east, increasing the clearance between the vehicles which clearance was already sufficient if the statutory clear roadway to the left of the bus had been preserved. Of course, it is not the duty of the corporation, initially, to prove that the negligence of its employee was *not* causal; the plaintiff or codefendant who seeks to hold the corporation liable has the burden of proving that it was. But the burden was met when the evidence showed that at the moment of impact Kepler's automobile was entirely within the 15 feet of roadway which the statute reserved for his use. Unless, then, there was further evidence that Kepler would not have remained within that space and would have struck the bus in the area within which the bus might legally stop, the illegal occupancy by the bus of Kepler's share of the road must be held a substantial cause of the collision as a matter of law. There was no such evidence. The figures are close but they, with the traffic officer's testimony, constitute the only evidence there is on this issue. The finding that the position of the bus on the highway was not a cause of the collision is contrary to the evidence and is based only on conjecture. It cannot be sustained. On this record the contrary appears as a matter of law.

It has been suggested that the negligence of stopping the bus as was done here, preceded the various negligences of

Kepler and the latter superseded the negligence of the corporation in causal effect. We do no think the suggestion has merit. There was concurrent, not successive, causal negligence on the part of both drivers.

The plaintiffs-respondents seek only to avoid a new trial involving them.

*By the Court.*—Judgments reversed. Causes remanded with directions to enter judgments for damages as found by the jury in favor of plaintiffs and against all defendants with right of contribution between defendants.