BROCKHAUS, Respondent, vs. NEUMAN, Appellant.

*November 6, 1929—March 4, 1930.*

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *Benton, Bosser & Tuttrup* of Appleton, and oral argument by *Roger R. Tuttrup*.

The following opinion was filed January 7, 1930:

ROSENBERRY, C. J.  It is the position of the defendant that the court erred (1) in refusing to find assumption of risk as a matter of law; (2) in ruling and instructing the jury that as a matter of law there was no assumption of risk; (3) in failing and refusing to direct a verdict for the defendant on the ground that the plaintiff assumed the risk; and (4) in refusing to submit certain questions as to assumption of risk requested by the defendant.

The situation presented by the record in this case is a very simple and common one.  The defendant owned the car and was desirous of attending a football game at Waupun and wished to have company.  At the defendant's suggestion the plaintiff procured two other persons to make the trip to Waupun and return.  The time within which the trip was to be made both going and returning was known to all the parties.  They shared the gasoline.  No suggestion was made going or returning up to the time of the accident that the defendant was driving improperly or at an unusual rate of speed.  It is conceded that the defendant's driving on the return trip was the same as that on the trip down.  Due to the fact that the defendant passed a Ford at a place where there was a warning sign, neither the defendant nor the other members of the party saw the sign.  When the defendant reached the top he had the choice of attempting to make the turn or running into a driveway where there was a large rock.  In the instant of time left to him he decided to make the turn.  The plaintiff as well as the defendant realized the risk.  It is not claimed that any one from the time the peril was apprehended to the time the injuries were sustained could have avoided the result.  The car was in good condition, it had no defects known to the defendant,

and the accident was the result of maintaining too high a rate of speed at an unexpected turn in the road. If the turn had been successfully negotiated no one would have thought of complaining of the conduct of the defendant or charging him with any lack of care or skill. Because of an unpropitious combination of circumstances injury did result and it is sought to fasten the responsibility therefor on the host, who gratuitously furnished his car for the benefit of the entire party. Despite the finding of the jury to the contrary, it appears as conclusively as it is possible for it to appear that the plaintiff assumed the risk of injury which resulted from making the trip in the manner in which it was made, under the circumstances of this case. Due to the fact that a hill intervened, the turn was a blind one. The defendant knew no more about the road than did the plaintiff. There is some evidence in the case that the brakes were put on hard and that they caused the car to swerve. That, however, is a mere conclusion, as it appears without dispute that what caused the car to topple over was the fact that there was an attempt to make the turn at too high a speed.

Within the rule of *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203, and cases there cited, it must be held in this case that the plaintiff assumed the risk as a matter of law and a verdict for the defendant should have been directed by the court.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment for the defendant dismissing the complaint upon the merits.

A motion for a rehearing was denied, with $25 costs, on March 4, 1930.