Helgestad, Respondent, vs. North and another, Appellants. [Three cases.]

*December 5, 1939—January 16, 1940.*

350

For the appellants there was a brief by *Sanborn, Blake & Aberg, Ernest H. Pett,* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. Pett.*

For the respondents there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Stanley M. Ryan.*

ROSENBERRY, C. J.  On this appeal the defendants contend, (I) that the plaintiffs assumed the risk as a matter of law and are precluded from recovering; (II) that the question of plaintiffs' contributory negligence should have been submitted to the jury; (III) that assumption of risk was not properly submitted or the jury properly instructed in regard thereto.

I.

The specific claim of the defendants as to assumption of risk as a matter of law may be stated as follows: That under the weather and road conditions then existing the defendant North was driving at a speed greater than that which would have permitted him to stop within the range of his vision, that this was obvious to plaintiffs and they therefore assumed the risk as a matter of law.  The defendants rely upon the cases of *Walker v. Kroger Grocery & Baking Co.* (1934) 214 Wis. 519, 252 N. W. 721; *Young v. Nunn, Bush &*

*Weldon Shoe Co.* (1933) 212 Wis. 403, 249 N. W. 278; *Knipfer v. Shaw* (1933), 210 Wis. 617, 246 N. W. 328, 247 N. W. 320; *Brockhaus v. Neuman* (1930), 201 Wis. 57, 228 N. W. 477, and other cases.

In each of these cases it may be broadly stated that the driver of the car had maintained a speed for a considerable time prior to the happening of the accident which prevented him from taking those precautionary steps to prevent an accident under the conditions then and there existing.

In the *Brockhaus v. Neuman Case, supra,* the parties making a trip from Appleton to Waupun, a distance of fifty-two miles, were on their return and the speed had been maintained throughout the trip.

In *Knipfer v. Shaw, supra,* the parties had driven for a long time in a dense fog with visibility limited to thirty feet.

In *Walker v. Kroger Grocery & Baking Co., supra,* Walker was driving in a fog which permitted a vision of forty to fifty feet. He had driven for some time at that speed.

In *Young v. Nunn, Bush & Weldon Shoe Co., supra,* the parties had traveled from Chicago to Milwaukee during which the driver had maintained a high rate of speed. With respect to speed and the plainly manifested intent of the driver to pass the truck upon its right, the court was of the view that there was no escape from the conclusion that the course of conduct on the part of Petrus was in accordance with his usual manner of driving.

In this case, however, it appears from the finding of the jury that the plaintiff had not maintained a speed or driven under such conditions as obtained at the moment of the accident for a sufficient length of time to enable the guests to protest. Upon the evidence offered and received in the case, the jury might have well found in accordance with the contentions of the defendants, but upon the record this court cannot say that there is no credible evidence to sustain the jury's verdict. Nor can this court say that speed was the

sole cause of the accident. Maintaining a speed of twenty-five to thirty miles from the beginning of the trip to the time of the accident, defendant had turned many curves and corners and nothing out of the ordinary had occurred. This accident may well be attributed to the fact that the plaintiff increased his speed to pass a car when it was too close to the corner; that in attempting to slow down he lost control of the car and as a result the accident occurred; and that loss of control was due in part to lack of lookout and in part to lack of proper management and control of his car as the jury found.

There is considerable conflict in the evidence as to visibility. At times there was a light fall of snow and at other times a heavier fall of sticky snow. Under all the facts, only a part of which have been stated, it is considered that the question was for the jury.

## II.

We find no basis upon which it can be claimed that the plaintiffs were guilty of contributory negligence as a matter of law.

## III.

In each case the court submitted to the jury the following question:

"Did such failure on the part of the defendant Charles W. North to exercise ordinary care persist long enough to give the plaintiff an opportunity to effectively protest against such manner of driving, in respect to: (a) Lookout? (b) Speed? (c) Management and control?" To each of these the jury answered "No."

The court properly instructed the jury as to the duty of guests to keep a proper lookout and with respect to assumption of risk, as follows:

"It is the duty of the guest to timely protest to the driver if such driver is driving in such a manner as to increase the danger to or add a new one to the risks assumed by the

guest upon entering the car of the driver, and if the guest fails to protest he will be held to have acquiesced in such course of driving, if it has persisted long enough to give him an opportunity to protest; however, if the act of the driver increasing the danger or adding a new one is done so quickly or in such a manner that the guest has not sufficient time to make an efficient protest, he is then not required to make a protest which would be entirely useless, and under such circumstances the guest cannot be held to have acquiesced in or consented to such faulty driving."

While the court did not use the term "assume the risk" this instruction clearly advises the jury as to the duty of a guest to protest in the presence of an increased risk or a new danger and the legal effect of his failure to protest. To acquiesce or consent to a course of negligent conduct is to assume the risks incident to it. It is considered that the trial court correctly submitted assumption of risk under the facts of this case. If the accident was in part due to speed, it was the increased speed at which the defendant drove in order to pass the car. The defendants requested the following instruction and the refusal of the court to give it is assigned as error:

"If you find that between Edgerton and the point of the accident, defendant, Charles North, was driving at such a rate of speed under the circumstances that because of the ice and snow and visibility that night, he could not stop within the range of his vision, and if you find that plaintiffs, John Helgestad, Bonnibel North, and Muriel North knew of this danger and appreciated it, or in the exercise of reasonable care should have known of such danger, but nevertheless acquiesced in, and were willing to proceed in the face of such danger, then you must find that each one of the plaintiffs assumed the risk.

While the trial court refused to give this instruction in the form requested the substance of it is given in the instruction already quoted. It is considered that the court submitted the question of assumption of risk and properly instructed the jury in respect thereto, and the court was not in error·in

failing to give the instruction in the manner and form requested.

*By the Court.*—The judgment in each case is affirmed.

FOWLER, J. (*dissenting*). I dissent because in my opinion, (1) the question of assumption of risk by the plaintiffs was not properly submitted to the jury, and (2) the refusal of the court to give the instruction requested by the defendants set out in the opinion of the court constituted prejudicial error.

(1) It is undisputed that for the whole trip a speed of twenty-five to thirty miles per hour was maintained. It is also undisputed that it was snowing during the trip in large flakes and that the visibility according to different witnesses and according to the snowfall at the time was from forty to fifty, two hundred to three hundred, one hundred to one hundred fifty feet "on the average." By the only testimony on the subject, that of the defendant driver, the car could be stopped at the speed maintained in two hundred feet where there was no ice, "but taking the conditions as they were that evening, it would have taken about four hundred or five hundred feet to stop."

Question 1 of the verdict reads as follows:

"*At or immediately prior to the accident* here in question, did the defendant Charles W. North fail to exercise ordinary care not to increase the danger or to add a new one to the plaintiffs John Helgestad, Bonnibel North, and Muriel North Helgestad, in respect to: (a) The speed at which he was driving under the circumstances then and there existing? (b) Maintaining a proper lookout? (c) Keeping proper management and control of his car?"

It is to be noted that this question limits the inquiry to what occurred at and immediately before the accident.

Question 3 reads as follows:

"Did *such failure* on the part of the defendant Charles W. North to exercise ordinary care persist long enough to give

the plaintiff John Helgestad an opportunity to effectively protest against such manner of driving, in respect to: (a) Lookout? (b) Speed? (c) Management and control?"

Question 3 was submitted as covering assumption of risk. It is to be noted that by its form question 3 limits the inquiry, as did question 1, to what occurred at and immediately before the accident.

Whether the plaintiffs assumed the risk depends wholly on the question of speed. They did not as matter of law under the evidence of this case assume the risk of defendant's failure in respect of lookout or of management of the car at and immediately before the accident. But whether they assumed the risk incident to the speed of the car was for the jury, and the speed involved was the speed of twenty-five to thirty miles per hour under the conditions of limited visibility and the road condition which were manifestly obvious to them. The question submitted limited them to consideration of the speed at and immediately before the accident which was then increased by five or ten miles per hour over that uniformly theretofore maintained. It may well be that the plaintiffs were excusable for not objecting to this increase, because there was not time to render protest effective. But they were not absolved from want of protest at the speed theretofore maintained, if under the existing conditions that speed was dangerous.

It is the law of this state that—

"In the absence of a situation in which the phenomenon of camouflage may properly be applied, the rule of the *Lawson Case* [141 Wis. 57, 123 N. W. 629] as to speed is still the law of this state. A person, in the exercise of ordinary care, should operate his automobile in the nighttime at such a rate of speed as will permit him to stop within the range of his lights, and he should be held to that duty in all situations except where an object may not reasonably be distinguished, though within the range of his lights, because of its invisibility to a person in the exercise of ordinary care as to look-

out." *Mann v. Reliable Transit Co.* 217 Wis. 465, 470, 259 N. W. 415.

The statute law of the state, sec. 85.40 (4) and (5); establishes a more rigorous rule than that of the *Lauson Case* in approaching intersections and traversing grades and curves when vision is obstructed by limiting speed to such as will enable stopping in one half the range of vision. Here the rule of the *Lauson Case* applies to the plaintiffs. They were bound to know, as well as the driver of the car, of the limitation of that rule. The question as to assumption of risk should have been so framed as to bring the plaintiffs subject to this rule during the portion of the trip preceding the time when the defendant increased his speed in turning out to pass the car ahead just before the accident.

(2) In view of the above, the refusal of the court to give the instruction requested by defendant set out in the opinion of the court was erroneous and prejudicial. The refused instruction applied the rule of the *Lauson Case* to the plaintiffs. That rule was not covered or in any way intimated by the charge of the court. The instruction should have been given or its equivalent inserted in the general charge of the court.

I am authorized to state that Mr. Justice FAIRCHILD concurs in this dissent.