DeKeyser, Respondent, vs. Milwaukee Automobile Insurance Company, Appellant: Wisconsin Power & Light Company, Respondent.

Driscoll, Respondent, vs. Same, Appellant: Same, Respondent.

Sullivan, Respondent, vs. Same, Appellant: Same, Respondent.

Wisconsin Power & Light Company, Respondent, vs. Milwaukee Automobile Insurance Company, Appellant.

*December 2, 1940—January 7, 1941.*

For the appellant there was a brief by *Regan & McCue* of Milwaukee, and *Evrard & Evrard* of Green Bay, and oral argument by *Raymond E. Evrard.*

For the respondent Wisconsin Power & Light Company there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *R. J. Sutherland* and *Ralph E. Axley,* all of Madison.

*A. McComb* of Green Bay, for the respondent Anastasia DeKeyser.

For the other respondents there was a brief by *Clement Dwyer* and *Classon & Ballman,* all of Green Bay, attorneys for Timothy E. Driscoll, and by *Evans & Merrill* of Green Bay, attorneys for Esther Sullivan, and oral argument by *Richard Ballman* and *Fred D. Merrill.*

FOWLER, J. As appears from the foregoing statement the case involves a collision between a bus of the defendant

Power & Light Company and an automobile that resulted from an attempt by Paschen, the driver of the automobile, to pass a truck traveling ahead of the automobile when the oncoming bus was approaching from the opposite direction. The issues on the appeal will be decided by determining (1) whether the court properly changed the jury's findings of negligence of the driver of the bus; and (2) whether the court erred in denying costs to the Power & Light Company against the insurer of the owner of the passing automobile in the judgments dismissing the complaints of the plaintiff and the cross complaint of the insurer.

(1) Treatment of this heading requires a somewhat detailed statement of the facts involved in the collision, as the findings of the jury must be sustained and judgment entered on the verdict as returned, if there is credible evidence to support these findings. The evidentiary facts are practically without dispute and the crucial question is whether these facts reasonably support the jury's conclusions of ultimate fact drawn from the evidentiary facts.

The collision occurred about 8 :25 a. m. on January 17, 1938. The bus was traveling practically west and the automobile east. The road was surfaced with a concrete pavement eighteen feet wide, with adjacent shoulders approximately five feet wide on each side. The pavement was icy. The road curved to Paschen's right. The bus was traveling forty miles per hour, Paschen thirty to thirty-five miles per hour, and the truck twenty to twenty-five miles. Paschen's car was following the truck. The car passed the truck and hit it in passing. It was on the north side of the road, sluing around and out of control. It got back on the south side of the road ahead of the truck and then shot over to the north clear across the road into a snowbank across a shallow ditch north of the shoulder. The bus driver turned his bus clear to the extreme north of the ditch and ran into the car as it shot into the bank. The jury found the bus driver negligent as to lookout, management and control, and speed.

There is absolutely no evidence to support the findings of the jury as to lack of control or lookout. The only question is whether the jury could find that the speed of the bus was excessive in view of the icy condition of the road; and if so could they find that the excessive speed was a cause of the collision?

As bearing upon these questions it is without dispute that the bus had traveled at approximately the same speed all the way from Green Bay to the place of the collision, approximately forty miles. The passengers had not noticed any skidding or sluing of the bus during this distance and other curves had been negotiated without reducing the speed. The immediate curve was long and gradual and was familiar to the driver of the bus. The bus had double-traction rear wheels and weighed twelve thousand pounds without any load. The ice was uniform, having resulted from the freezing of sleet during the night previous and the early morning of the day. There was thus no likelihood of the bus skidding under the existing circumstances. The driver, on seeing the car attempting to pass, immediately steered the bus clear off the pavement and off the shoulder clear to the north edge of the ditch, and close to a telephone pole outside the ditch, before the automobile got in front of it. This shows that the driver had complete control of the bus except as its speed might affect his ability to stop it, and control is thus comprised wholly within speed. The bus driver cannot be held bound to foresee that the driver of a car following the truck would attempt to pass the truck on a curve, and thus was not bound to maintain such a rate of speed that he could stop the bus in time to avoid a collision if he should do so. Maintaining a given rate of speed on one's proper lane of travel on a highway is not negligent as excessive unless the circumstances render it reasonably likely to result in loss of control or it is voluntarily maintained when it is reasonably to be anticipated that the lane of travel may be invaded. Paschen was palpably negligent in attempting to pass, and one driver may operate his vehicle

on the assumption that other drivers will use due care in the operation of theirs, and especially that they will not violate a safety statute. The driver of the truck and the driver of the bus both estimated that the bus was one hundred seventy-five to two hundred feet away when Paschen turned out to pass. Mrs. DeKeyser, the only other witness to the occurrence, said she saw the car turn out and the bus was then a "block" away. A "block," especially in the country, is a very indefinite and elastic distance. But assuming it to mean about three hundred feet, as plaintiffs' counsel say it is on the average, the bus driver might rightly assume that the driver of a car following the truck would not attempt to pass the truck on a curve or in the face of the oncoming bus when it was unsafe to pass in view of the conditions present, even though the bus was three hundred feet away. In this situation the trial court was correct in holding as matter of law that the speed of the bus did not constitute actionable negligence in absence of the essential element of foreseeability of injury.

As to lookout, the evidence is undisputed and perfectly plain that the bus driver saw the car turn out as soon as it turned. He testified he then saw it. Mrs. DeKeyser testified she then saw it. He saw it when she did, for she and another passenger then exclaimed. Even if the bus driver might by more vigilant lookout have seen the trailing car before it turned out to pass, this would not have prevented the collision. There was no occasion to act in avoidance of collision until the turnout occurred which alone made a collision possible, and from that time on the bus driver did all that could be done, or at least did what in the emergency his judgment dictated. Had he done nothing at all there would have been no collision, as the car would have cleared the lane of travel of the bus, but in the instant in which the bus driver had to judge what course would most likely lessen liability of collision it was not foreseeable that the car would also take to the north ditch. The above disposes of the appeal of the defendant Milwaukee Automobile Insurance Company and the motions for review of the plain-

tiffs, except the motion of Mrs. DeKeyser for increase of her damages.

The above conclusions are considered sufficient to stand by themselves without citation of cases to support them. However, *Watkins v. Watkins,* 210 Wis. 606, 245 N. W. 695; *Zeiler v. Zeiler,* 226 Wis. 410, 413, 275 N. W. 908; and *Clark v. McCarthy,* 210 Wis. 631, 246 N. W. 362, are closely in point.

It is contended by the defendant Insurance Company that the driver of the passing automobile is presumed not to have been negligent, and that this presumption compels exonerating him from negligence. The presumption is one of fact and must yield to evidence establishing the contrary, and inference to the contrary may be drawn from the evidence showing the situation although the person against whom the negligence is charged be dead. This statement also might well stand alone although it is adequately supported by *Booth v. Frankenstein,* 209 Wis. 362, 245 N. W. 191; *Seligman v. Hammond,* 205 Wis. 199, 236 N. W. 115; *Hamilton v. Reinemann,* 233 Wis. 572, 290 N. W. 194; *Helgestad v. North,* 233 Wis. 349, 289 N. W. 822.

(2) The Power & Light Company by motion for review asks correction of the allowances of costs in its favor. It makes two contentions in this respect: That it should have been allowed $100 attorney's fees instead of $50 against each of the plaintiffs, Driscoll and Sullivan, on the dismissal of the plaintiffs' complaints as against it, and should have also been allowed $100 costs against the defendant Insurance Company as well as against the plaintiffs in these judgments. The allowances of disbursements are not in question.

The defendant Milwaukee Automobile Insurance Company filed a complaint for contribution against the Power & Light Company in each of the plaintiffs' cases. The order for judgment in each of those cases provided for judgment dismissing the complaint as against the Power & Light Company, but contained no order for dismissal of the cross com-

plaint. The judgment in each case adjudged recovery for the plaintiff against the Milwaukee Automobile Insurance Company, but contained no express adjudication of dismissal of the complaint or the cross complaint of the Insurance Company. It merely adjudged recovery of costs by the Power & Light Company against the plaintiff. The recovery of costs is wholly dependent on the statutory provisions therefor. The governing statutes are as follows:

"Sec. 271.03 *Costs to defendant.* (1) Costs shall be allowed of course to the defendant in the actions mentioned in section 271.01 unless the plaintiff be entitled to costs, but where there are several defendants not united in interest and making separate defenses by separate answers, and the plaintiff recovers against one or more but not all of such defendants, the court may award costs to such of the defendants as have judgment in their favor or to any of them.

"(2) If the defendant is entitled to costs he shall recover costs on the basis on which the plaintiff would have recovered if the demands of his complaint had been established."

"Sec. 271.04 (1) *Fees.* (a) When the amount recovered or the value of the property involved is one thousand dollars or over, the costs (exclusive of disbursements) shall be one hundred dollars; when it is less than one thousand dollars and is five hundred dollars or over, fifty dollars; when it is less than five hundred dollars and is two hundred dollars or over, twenty-five dollars; and when it is less than two hundred dollars, fifteen dollars."

It is to be observed that sec. 271.03, Stats., allows costs to the defendant whenever costs are not allowed to the plaintiff. We here have three separate actions by the plaintiffs which were tried together. Each is an action against the Power & Light Company. In none of them was the plaintiff entitled to costs against the defendant. In each of them the Power & Light Company was therefore entitled to costs against the plaintiff and in the court's discretion to costs against the defendant Insurance Company. The court exercised its discretion to allow costs against the Insurance Company. The

discretion exercised rests upon the provision of sub. (1) of sec. 271.03 that "where there are several defendants not united in interest and making separate defenses by separate answers, and the plaintiff recovers against one or more but not all of such defendants, the court may award costs to such of the defendants as have judgment in their favor or to any of them." The Power & Light Company and the Insurance Company are defendants not united in interest and making separate defenses by separate answers. The Power & Light Company recovered judgment but the Insurance Company did not. The court therefore might properly, as it did, allow costs to the defendant that had judgment in its favor. The costs allowed are to be allowed against the plaintiffs. The Insurance Company in its cross complaint was a plaintiff as to the Power & Light Company. Costs should therefore have been allowed against it as well as against the other plaintiffs.

The plaintiffs claim that by getting the attorney's fees against them in each of their cases the Power & Light Company was allowed a triple taxation of costs and that it could recover costs only once. As to the attorney's fees this is not correct. As we have said above, the Power & Light Company was properly allowed costs against each plaintiff on its judgment of dismissal, and as to attorney's fees the amount is to be fixed by sub. (2) of sec. 271.03, Stats., "on the basis on which the plaintiff would have recovered if the demands of his complaint had been established." The plaintiffs' damages were demanded by the complaint and assessed by the jury as follows: DeKeyser, $15,000 and $2,500; Driscoll, $25,000 and $750; Sullivan, $5,000 and $750. Thus, on the basis of recovery demanded, the attorney's fee in each of the cases would be $100. On the basis of the amount recovered, the amounts would be $100 against DeKeyser and $50 against each of the other two plaintiffs. We think that the demand of the complaint should be the basis of the taxation. The statute so says. And else, the recovery in case of nonsuit would be greater than in case of submission of the assessment to the jury if the

jury assessed less than the amount demanded. The costs for attorney's fees in each case should therefore have been $100 against each of the plaintiffs. By the same token we consider that the Power & Light Company should have its costs against the defendant Insurance Company, and as the cross complaint demanded judgment for contribution of one half the amount for which the Insurance Company was held liable, the amount of liability exceeded $1,000 and the allowance for attorney's fees should be $100.

The taxation of attorney's fees as above indicated seems to have been forecast in the cases of *Hansberry v. Dunn*, 230 Wis. 626, 284 N. W. 556, and *French v. Continental Assur. Co.* 227 Wis. 203, 278 N. W. 388. In the latter, on summary judgment of dismissal of the complaint, the amount demanded in the complaint was held to fix the amount of the attorney's fees. In the former each of several plaintiffs recovering judgment was held entitled to his costs. If each plaintiff, recovering judgment is entitled to his attorney's fees against the defendant, the defendant on dismissal of the complaint is entitled to his attorney's fees against each plaintiff.

The same conclusion as to attorney's fees follows from consideration of the cost statute as it stood when amended to its present form. The amendment was made by ch. 541, secs. 191, 192, Laws of 1935. The cost statute then existing, sec. 271.04, Stats. 1933, contained an enumeration of items taxable as attorney's fees. The principal items were for drafting papers and making copies served. The amounts allowed were based on folios, twenty-five cents a folio for drawing papers and twelve cents a folio for each copy. The amendment did away with all of these items and fixed the taxable attorney's fee on an entirely different basis. Under the old statute attorney's fees would have been allowed to each party allowed costs herein based upon the items of that statute. The instant several allowances are no more "double" than would have been taxation authorized by the old statute. The amendment

was not intended to shut off the existing allowance entirely, but was merely intended to change the basis of computing the allowance.

The judgments entered are defective for not containing express adjudications dismissing the several complaints and the several cross complaints. The Power & Light Company having made appropriate demands in its motions after judgment for judgments of dismissal and costs as above indicated the judgments should be modified by inclusions of dismissal and costs as stated.

The above disposes of the case except as to the motion for review of the plaintiff DeKeyser on the ground that the award of damages was inadequate. From the testimony of the experts the jury were justified in finding that none of the numerous ailments from which the plaintiff claimed to be suffering at the time of the trial was due to the collision except her eye injury and the accompanying scar and an injury to her legs below the knees which she sustained in the collision from which she normally and fully recovered. The jury were justified in believing, if they did so believe, and we cannot say that they did not so believe, that she was exaggerating and malingering. They also might have discredited her claim of her prior earnings as a "spiritualist healer." In this situation we cannot say that the jury's allowance should be disturbed.

It is further to be noted that the plaintiff's motion is to review the denial of the lower court "to increase the amount of the verdict to such sum as will reasonably compensate the plaintiff." This the court might not do. The assessment of damages is solely a jury function. There was no error of the court in denying this motion. This court might under sec. 251.09, Stats., grant a new trial in the interest of justice, but its power in that behalf is not invoked. To quote from plaintiff's brief : "It is the contention of the plaintiff that this court should relieve the plaintiff of this injustice [of inadequate damages] in the way least expensive to her by raising the

amount of damages to such an amount as would be the least an unprejudiced jury would award to the plaintiff." This court has no such function. It is no more for this court to assess damages than for the circuit court. In support of the plaintiff's contention the brief cites *Prahl v. Hogensen,* 185 Wis. 37, 42, 200 N. W. 660. In that case a new trial was granted because the verdict was "perverse" for the inadequacy involved. This is the usual remedy applied for such cause. See *Steber v. Norris,* 188 Wis. 366, 375, 206 N. W. 173, 43 A. L. R. 501, and the cases therein cited. For the reasons stated the motion for review is denied. The statute cited gives us power to grant a new trial upon our own motion in the interest of justice regardless of "whether proper motions" for relief were made below or not. But under the record of this case as above summarized we do not feel that a new trial should be granted, especially in view of the fact that the plaintiff disclaims wanting one.

*By the Court.*—The judgments of the circuit court are modified as to costs and dismissals as indicated in the opinion and, as so modified, are affirmed. One cost bill in this court will be allowed to the respondent Wisconsin Power & Light Company to be taxed against the defendant Milwaukee Automobile Insurance Company.