ANDREWS, Respondent, vs. SCHOOL DISTRICT No. 1 OF THE
TOWN OF KNAPP, Appellant.

*February 14—March 11, 1924.*

*Schools: Transportation of children: Construction of statute: Com-
pensation: Conditions precedent: Attendance of children:
How long required: Furnishing conveyance only: Sufficiency
of conveyance.*

1. Sec. 40.16, Stats., providing for compensation to a parent or
   guardian who transports children living more than two miles
   from school, is a beneficent statute, in the interest of educa-
   tion, and must be liberally construed to accomplish the pur-
   pose intended.  p. 257.
2. A provision for such compensation if the school is attended by
   the children for not less than five months while being trans-
   ported does not require 100 per cent. consecutive attendance,
   but merely requires that they attend school for more than five
   school months (100 days) during the time of transportation.
   p. 257.
3. Said sec. 40.16 does not require the physical presence in the con-
   veyance of the parent or guardian, which may be driven by
   one of the children if of sufficient age to safely transport the
   others.  p. 258.
4. Noncompliance with sec. 40.73, Stats., which requires parents
   to see that their children attend school six months during the
   year, does not defeat a parent's right to compensation, under
   sec. 40.16, for transporting his children to school if they at-
   tend five months.  p. 258.
5. Transportation of five children to school in a single-seat open
   buggy in a sparsely settled community is not an insufficient
   compliance, as a matter of law, with sub. (1) (b), sec. 40.16,
   Stats., requiring as a condition precedent to recovery of com-
   pensation therefor that the transportation furnished by the
   parent or guardian be safe, comfortable, and convenient.
   p. 259.

APPEAL from a judgment of the circuit court for Jackson
county: E. W. CROSBY, Circuit Judge.  *Affirmed.*

The cause was submitted for the appellant on the brief
of *Graham & Moran* of Tomah, and for the respondent
on that of *Perry & Perry* of Black River Falls.

OWEN, J. Sub. (1) (b), sec. 40.16, Stats., authorizes school districts to provide transportation for children to and from school, and that where such transportation is not provided for children living more than two miles from the school, "the parent or guardian of any such child may transport him to and from school in the home district or to and from a school in an adjoining district, and shall be paid for such services by the district in which he resides at the rate of forty cents per day for each child so transported, provided the child while being so transported attended school for not less than five months. In all such cases the transportation must be safe, comfortable and convenient."

The respondent resided more than two miles from the schoolhouse. He had five children of school age. The oldest was a girl of the age of fifteen years. He furnished the children with a horse and a single-seat open buggy. Three children rode in the seat and two behind. The two children sometimes sat in the rear end of the buggy and sometimes on a board across the buggy, and sometimes they were strapped or tied onto the seat. The horse was left in a barn one quarter of a mile from the schoolhouse, and the children walked from the barn to the schoolhouse a portion of the time, while upon certain days the oldest daughter, who drove the horse, left the younger children at the schoolhouse and took the horse back to the barn. The children commenced attending school in September and ceased so attending during April of the following year.

The respondent presented a claim to the school district board for the allowance provided by the statute above mentioned for such transportation. The school district board refused to allow the claim, and respondent brought this action. The case was tried before a jury. By a special verdict the jury found that the transportation furnished to the children was a comfortable and convenient means of transportation; that they each attended school more than

100 days; that the father or mother drove the conveyance seventeen days and the elder daughter 102½ days. Upon this verdict judgment was rendered in favor of respondent.

The appellant school district urges numerous grounds for a reversal of the judgment. It is first claimed that to entitle the respondent to recover it is necessary that each child attended school for five consecutive months and that each child attended twenty days in each month, unless a valid excuse was offered for sickness, of which there is no proof. To say the least, the maintenance of such a contention calls for a very strict construction of the statute and, in fact, for a construction wholly unwarranted by its language. This is a beneficent statute, a statute in the interest of education, and it is to be liberally construed for the accomplishment of the purpose intended. The statute provides that the parent or guardian shall be paid for such services by the district in which he resides at the rate of forty cents per day for each child so transported, provided the child while being so transported attended school for not less than five months. There is nothing here that calls for a one hundred per cent. consecutive attendance. Such a requirement would be absurd and would go far towards neutralizing the results sought to be accomplished. A hundred per cent. consecutive school attendance is rather unusual, especially in rural districts, and a law which assumes to compensate a parent or guardian for transporting children to school conditioned, however, upon a hundred per cent. continuous attendance, would savor of irony rather than beneficence. All that the statute requires is that the children shall attend school for five months during the time of transportation. The transportation began in September, ended in April, and each of the five children attended school for a period of more than 100 days during such time. This satisfies the requirement of the statute in this respect.

It is next contended that the respondent is not entitled to the compensation because one of the parents did not

drive the horse. This contention we regard as utterly inconsistent with the purposes of the act. While the act provides that the "parent or guardian of any such child may transport him to and from school," we do not think this requires the physical presence of the parent in the conveyance. If the parent furnishes a conveyance and one of the children is of sufficient age to take charge of it and safely transport the other children, the spirit of the statute is complied with.

It is next contended that respondent is not entitled to compensation because he has not complied with the provisions of sec. 40.73, which requires children so situated to attend school six months during the year and makes it the duty of the parents to see that they so attend. It is contended that the respondent cannot claim the advantage of one school law while violating another. This does not follow. Whether or not the respondent is entitled to compensation for transporting his children is to be determined solely by a reference to the provisions of sec. 40.16. That makes compensation conditional upon the children attending school five months only. Clearly this contention cannot be sustained.

It is next contended that the transportation furnished was neither safe, comfortable, nor convenient, as required by the statute. This question was submitted to the jury and answered in the affirmative. Safe, comfortable, and convenient transportation are relative terms, depending upon many considerations. Different times, cycles, and communities, even families, have their peculiar standards of comfortable and convenient conveyances. He who is inured to the luxurious comforts of a richly upholstered limousine, or even he who pretends satisfaction with the redoubtable Ford, might disdain the comforts and convenience afforded by the conveyance furnished by the respondent to his children, although its service would have been welcomed by our fathers, who regarded the ox team and the lumber wagon

as a satisfactory means of conveyance. At any rate, in view of the finding of the jury, we are not disposed to hold that the conveyance afforded by the respondent to the children, measured by the standards of that sparsely settled community, does not comply with the requirements of the statute.

We can discover no theory which would justify a reversal of this judgment.

*By the Court.*—Judgment affirmed.