STANDINGWATER, Respondent, vs. SCHOOL DISTRICT No. 2 OF THE TOWN OF KINGSTON, Appellant.

*February 13—March 28, 1924.*

*Schools: Transportation of children: Compensation.*

1. Sec. 40.16, Stats., relating to the compensation to be paid for transporting children to school, should be liberally construed. p. 358.
2. Said sec. 40.16, which allows to parents and guardians compensation for transporting children more than two miles to a school attended by them for not less than five months, requires actual attendance for one hundred days (which under sec. 40.28 constitutes five months), and hence does not authorize compensation for a period of exactly five school months, including February 12th and February 22d. [Ch. 337, Laws of 1923, making February 12th and February 22d legal holidays for schools, was enacted after the period when the transportation was furnished.] p. 359.

CROWNHART, J., dissents in part.

APPEAL from an order of the circuit court for Juneau county: E. W. CROSBY, Circuit Judge. *Reversed.*

The respondent is a resident of the appellant school district. He lives more than two miles from the schoolhouse. On the 17th day of September, 1921, respondent entered into an agreement with the state board of control of Wisconsin to take and receive into his family one Alex Kitson and agreed to keep said child as a member of his family until the 28th day of August, 1923, maintaining and educating him and treating him properly and kindly as a member of his family; that he would have said child taught the usual branches taught in a common school and cause him to attend the public school where he resides at least six months in each year until the child is sixteen years of age; that under the same terms and conditions he received into his family on the 11th day of May, 1918, two other children, namely, Robert Kitson and Elizabeth Kitson. Pursuant to said contracts said children have been under the care of said respondent

and have resided with him in the school district during all the time except such times as two of them attended the Indian school at Tomah. Since the 24th day of December, 1922, all three children have resided with *James Standingwater* at his home in said school district. The electors of said district failed to make any provision for the transportation to school of children residing more than two miles from the schoolhouse.·

After the 1st day of January, 1923, school was maintained in said district for a period of five months. The three children mentioned attended school during said period and were transported thereto by the respondent. During said period Robert Kitson attended school ninety-nine days, Alex ninety-eight days, and Elizabeth eighty-four days. Respondent made claim for the compensation allowed by sec. 40.16, Stats., for transporting children living more than two miles from school. The district board refused to allow the claim and respondent brought this action to recover such compensation.

The facts above stated were alleged in the complaint. The school district demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled. From the order overruling the demurrer the school district brings this appeal.

For the appellant there was a brief by *Naylor & McCaul* of Tomah, and oral argument by *W. K. McCaul.*

For the respondent there was a brief by *Perry & Perry* of Black River Falls, and oral argument by *H. M. Perry.*

OWEN, J. This ·action is founded on the same statute considered in *Andrews v. School District, ante,* p. 255, 197 N. W. 813, to which reference may be had for an understanding of the statutory provisions upon which respondent relies for his cause of action.

The appellant maintains that the complaint does not state facts sufficient to constitute a cause of action, because it

does not appear that any of the children attended school for a period of five months as required by the provisions of sec. 40.16, Stats., to entitle a parent or guardian to compensation for transporting children to school.   The transportation commenced on the 8th day of January, 1923, and ended on the 25th day of May, 1923, during which time school was maintained for exactly five school months.   During this period no legal holidays intervened.   While sec. 40.28 provides that the 12th and 22d days of February shall constitute legal holidays for schools, they were made so by the provisions of ch. 337, Laws of 1923, published July 6, 1923, after the period during which respondent transported the children.   Sec. 40.16, upon which respondent relies for his compensation for transporting the children, specifically requires that the children while being so transported shall attend school for not less than five months.   Respondent contends that this provision of the statute is satisfied if the children are enrolled pupils of the school during the five-months period even though they do not attend every day, that the actual attendance for 100 days is not required, and that the attendance of the children during this period constituted a substantial compliance with the statute.

We said in *Andrews v. School District, supra,* that sec. 40.16 was a beneficent statute and should be liberally construed, and we should be disposed to give the statute such a construction in this respect if it were open for construction. However, there is nothing ambiguous about the provision requiring five months' actual attendance during the period of transportation to subject the district to liability therefor. This requirement is plain, definite, and certain.   Its application will enable the school-district officers to determine the liability of the school district.   To say that it does not mean actual attendance for a period of five months, but that it contemplates simply that the child shall be registered as a pupil during such period, and that an attendance falling short of 100 days (which by the provisions

of sec. 40.28 constitutes five school months) shall be considered a substantial compliance with the statute, would introduce an element of uncertainty requiring the school-district officers to exercise judgment as to whether the attendance amounted to a substantial compliance with the statute, and would open the door to favoritism. The legislature evidently had no such thought in mind. It intended to lay down a definite rule by which the right to compensation could be easily and definitely determined. It required the children to attend school for five months during the period of transportation. This means 100 days. Of course the period of transportation may include seven or eight months, but if the children actually attend 100 days, including legal holidays, during the period of transportation, the parent or guardian is entitled to compensation. In this case the period of transportation was only five months. It was therefore necessary for the children to attend school every day during the period of transportation in order to satisfy the requirements of the statute. It must be held that the complaint does not state a cause of action for compensation for the transportation of any of the children.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the demurrer.

CROWNHART, J. (*dissenting in part*). I agree with the opinion in *Andrews v. School District, ante,* p. 255, 197 N. W. 813, to the effect that the statute in question should receive a liberal interpretation. It is in aid of the general public policy of the state to give educational facilities for every boy and girl in the state. The complaint alleges that each of these children was transported five months as the statute required. Then followed the actual number of days each child was so transported. This I think sufficient to allow proof that the children were transported every day of the term in which they were able to attend, and if so, I believe it to be a substantial compliance with the statute. To

hold otherwise is to ignore the purpose of the statute and give it a highly technical construction. We know as a matter of common knowledge that in the north country of cold winters it is rare for a child to be able to attend school every day. Illness frequently prevents attendance, likewise the severity of storms. Of course, the plaintiff should not receive pay for those days that a child was not actually transported to the school. This is a small matter for disputation, but to *John Standingwater* it may loom large and portentous. He evidently in good faith did all that was possible to comply with the law, and he should not forfeit what he actually earned by a failure to transport the children a few days because of misfortune over which he had no control.