PAGEL, Respondent, vs. SCHOOL DISTRICT No. 1 OF THE TOWN OF CONCORD, Appellant.

*May 7—June 3, 1924.*

*Schools: Transportation of children: Compensation: Distance from school: How measured: Travel over private highway.*

Under sub. (1) (b), sec. 40.16, Stats. 1921, in ascertaining the distance traveled in transporting children to and from school the "nearest traveled highway" includes travel on a private highway. p. 253.

APPEAL from an order made, and a judgment entered, in the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This appeal is from a judgment in favor of the plaintiff for $297.11.

For the appellant there was a brief by *Kading & Kading* of Watertown, and oral argument by *C. A. Kading.*

For the respondent there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn H. Smith.*

CROWNHART, J. This was an action for compensation for transporting children to school under sec. 40.16, Stats. 1921. That section provides as follows:

40.16 (1) (b). ". . . In any school district where the electors have failed or refused to provide transportation for children living more than two miles from the school in the home district and from a school in an adjoining district, the parent or guardian of any such child may transport him

to and from school in the home district or to and from a school in an adjoining district, and shall be paid for such services by the district in which he resides at the rate of forty cents per day for each child so transported, provided the child while being so transported attended school for not less than five months. In all such cases the transportation must be safe, comfortable, and convenient. . . ."

"(8) In this section the word 'distance' shall be interpreted to mean distance as measured by the nearest traveled highway."

The plaintiff lived in the defendant school district and had four children of school age, under sixteen years of age. His home was more than two miles from the school either in his home district or an adjoining district. The defendant failed to provide transportation for such children. Thereupon the plaintiff provided transportation for his children for a period exceeding five months during the school year, and thereafter filed his bill with the school district for the compensation provided by statute. The claim was disallowed and plaintiff brought action to recover. The case was tried before the court, resulting in findings of fact and judgment favorable to the plaintiff. The defendant appealed and excepts to certain findings of fact and conclusions of law and the judgment entered thereon.

The main contention of the defendant, and the only one with merit, is that in ascertaining the distance traveled by the plaintiff in carrying his children to and from the school there was included within the traveled road a portion of a private highway. It appears that the road traveled included a distance of 575 rods on a regular public highway, and the remainder of the distance from the edge of the plaintiff's land to the public highway was ninety-two rods, and over this ninety-two rods plaintiff traveled over a highway laid out by the town board in the year 1855 as a private highway for Dennis McGee and Patrick McGinnis, who then owned the land over which such private highway was laid out.

The defendant contends that sub. (8) of said section, wherein the word "distance" is defined to mean "distance as measured by the nearest traveled highway," must be interpreted to mean a public highway, and that the private highway herein mentioned is not to be included within the statute.

In consideration of the statute we must give thought to its purpose in order to determine the legislative intent. Fortunately that purpose is not in doubt. The ordinance creating the Northwest Territory, of which Wisconsin was a part, provided that "religion, morality, and knowledge being necessary to good government and the happiness of mankind, schools and the means of education shall forever be encouraged." That compact between the people of this territory and the original states has ever been faithfully carried out and faithfully followed, to the end that all the children of this state shall have the means of education, and the means of education includes not only the school but the means of getting to the school. For that purpose people living off from the main traveled highways must have opportunity to reach public highways over private highways, and such private highways are just as essential as the public highways in carrying out the school policy of the state. The statute in question does not use the term "public highway" but uses instead the term "highway." Many decisions and definitions are cited for our attention by the appellant which indicate under certain circumstances that the term "highway" refers to a public highway, but they have little or no bearing on the interpretation of the statute under consideration. It certainly was not the intent of the legislature to exclude from the beneficent purposes of the statute children who were so unfortunate as to be located away from the public highway. The purpose of the statute defining distance was to ascertain the necessity for transportation of the children, and hence to determine whether by the nearest

traveled road they were located more than two miles from school. If so located, it was the clear intention that transportation should be furnished. We recently held, in *Andrews v. School District,* 183 Wis. 255, 197 N. W. 813, that the statute must receive a liberal interpretation to carry out its manifest intent.

*By the Court.*—The judgment of the circuit court is affirmed.