MAYER and another, Respondents, vs. BOYNTON CAB
COMPANY, Appellant.*

*September 9—October 5, 1954.*

---

* Motion for rehearing denied, with $25 costs, on December 7, 1954.

488

For the appellant there was a brief by *Moore & Prentice* of Milwaukee, and oral argument by *Raymond J. Moore*.

For the respondents there was a brief and oral argument by *Max E. Geline* of Milwaukee.

BROWN, J. We are of the opinion that the order complained of must be reversed because the learned trial court was in error concerning the effect of the doctrine of *res ipsa loquitur* and this misconception was fundamental to the order entered by the court.

We do not· determine that the circumstances present a proper case for the application of the *res ipsa loquitur* rule but if they do, as the trial court believed, the rule was misapplied. The effect of that rule is to permit a jury to infer from the circumstances that causal negligence was present although the party who has alleged it is unable to produce evidence to specify the respect in which the other party was derelict. We have studied the Wisconsin *res ipsa loquitur* decisions cited by the learned trial court and by respondents and we find that in each such case a finding of causal negligence by the jury was attacked on the appeal as being without support in the evidence. When we affirmed we did so because the circumstances of the particular case warranted. the inference by the jury that the accident would not have occurred if those in charge had used proper care. *Res ipsa loquitur* made a jury question out of an issue which otherwise would fail for lack of proof. It prevented the jury's finding of negligence from being set aside for lack of evidence to support it. But we have never gone so far and do not intend

now to follow the trial court to the extreme of declaring that *res ipsa loquitur* does more than take the case to the jury. If the jury does not see fit to draw the inference of negligence or to consider the occurrence of the accident, under the circumstances, persuasive of negligence, the court abuses its discretion when it invades the jury's function by giving the rule greater probative force than the jury has accorded it. In the instant action the trial court's order states that "the negative answers of the jury to questions No. 2(a) and 2(b) [the negligence questions] . . . are contrary to the great weight of the evidence, . . ." There was absolutely no evidence of the driver's negligence except as negligence might be inferred from the fact that an injury was sustained,—that is, by substituting the doctrine of *res ipsa loquitur* in the place of testimony. And, of course, jury findings are not required to be in accord with the great weight of the evidence in order to stand. It is sufficient for them that there is some evidence in their support. The driver's testimony presented him as one who drove carefully in all respects at a speed not exceeding 15 miles per hour. While Mrs. Mayer testified that he was going 40 miles per hour at the time she claimed to have been thrown from her seat, this testimony received so little credit that the trial court did not even submit a question of negligent speed to the jury, nor did it make any reference to excessive speed in its opinion or the order directing the new trial. The matter of speed dropped out of the case in the trial court. Under the *res ipsa loquitur* doctrine on which the trial court relied, on plaintiffs' side there was the fact of an injury from which the jury might possibly have drawn an inference of negligence on the part of the defendant but which it did not see fit to do. The great weight of evidence, if such were needed, concerning lookout and management and control is plainly with the defendant.

The trial court considered the allotment of damages to Mrs. Mayer, $1,290, was so inadequate as to show that the

jury was perverse. The jury observed Mrs. Mayer. She was not a well woman before her experience in defendant's cab. She walked with a cane and a crutch which one doctor testified would put an abnormal strain upon her back. She testified that she never had back pains until the cab incident but she also testified that she had never undergone surgery. Her counsel put her on the stand later to correct this and he also produced her surgeon who testified that the operation he performed on her was sometimes done because the patient suffered from backaches. The jury was well warranted in considering that not all of the suffering which followed the ride in the cab was attributable to it. It was asked what sum would compensate Mrs. Mayer for damages she sustained "as the direct result of the injuries sustained by her on or about the 23d day of September, 1949." Her history justified skepticism and the jury might discount some of her claims without perversity.

We conclude that the trial court erred in denying defendant's motion and granting that of the plaintiffs.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the verdict and grant judgment upon it to appellant.

STEINLE, J., took no part.

CURRIE, J. (*dissenting*). I must respectfully dissent.
Sec. 270.49, Stats., in part provides as follows:

"(1) The trial judge may entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages *or in the interest of justice;* . . .
"(2) Every order granting a new trial shall specify the grounds therefor. In the absence of such specification, the order shall be deemed granted for error on the trial. *No order granting* a new trial in the interest of justice shall be valid or

effective, *unless the reasons that prompted the court to make such order are* set forth in detail therein. . . ." (Italics supplied.)

In the instant case the learned trial court granted the new trial "in the interest of justice" assigning therefor the two reasons discussed in the majority opinion, viz., that he believed the jury's verdict with respect to absolving the cabdriver of negligence as being against the weight of the evidence, and because of the grossly inadequate damages found by the jury. The granting of a new trial in the interests of justice is a highly discretionary order, and unless the trial court has made a mistake of law in the reasons assigned for invoking such discretion, there is no abuse of discretion which would permit this court to reverse.

While I agree' with the discussion of the nature of the doctrine of *res ipsa loquitur* contained in the majority opinion I entirely disagree with the conclusion that the trial court holds any different view of it than does this court. *Res ipsa loquitur,* when proper to be invoked, affords a permissible inference upon which the jury may base a finding of negligence, or the jury may reject the inference and find no negligence. *Ryan v. Zweck-Wollenberg Co.* (1954), 266 Wis. 630, 64 N. W. (2d) 226.

In the instant case it is undisputed that plaintiff did sustain a compression fracture of two vertebrae, and the jury found that such injury occurred while she was a passenger in the cab. Plaintiff testified that when the cab was passing a truck at great speed on a Milwaukee public street she was thrown up into the top of the cab and immediately felt a terrible pain in her back. The medical testimony was to the effect that a trauma such as described by plaintiff could cause a compression fracture of a vertebra. The cabdriver denied any negligent operation on his part or any knowledge of a jolt such as described by plaintiff. It seems to me that this is a proper

case to apply the doctrine of *res ipsa loquitur;* and that from the fact that plaintiff was thrown upward from the cab seat so far that the downward fall had sufficient force to fracture the vertebrae gives rise to the permissible inference that the cab must have been negligently operated. It is common experience that cabs carefully operated do not throw passengers upward from their seats with such force in the absence of an emergency requiring a sudden stop on the part of the operator.

The trial judge had an opportunity to view the two principal witnesses, the plaintiff and the cabdriver, and pass upon their credibility. Furthermore, he could have well concluded that the occurrence of the compression fracture of plaintiff's vertebrae substantiated plaintiff's version of how the injury occurred, and invoking *res ipsa loquitur* supplied the proof of negligence. In view of all this he well concluded that the jury's finding of no negligence was against the weight of the evidence.

The majority opinion in passing on this assigned reason for granting the new trial in the interests of justice seems to apply the same test as it would if the trial court had changed the jury's answer from "No" to "Yes" upon motions after verdict. I submit that the proper test to be here applied is not whether there was credible evidence to sustain the verdict, but rather was there any reasonable basis for the trial court to conclude that the verdict was against the weight of the evidence. If there was any such basis then there was no abuse of discretion even though this court might come to a contrary view as to where the weight of the evidence lay.

The second reason assigned by the trial court in his order for granting a new trial was that the award of damages to the plaintiff *"was grossly inadequate."* On this point I quote from the trial judge's memorandum decision, with which I fully concur, as follows:

"This court is of the further opinion that the verdict of the jury is perverse by reason of the total inadequacy of the damages awarded by the jury to Lucille Mayer for her personal injuries, pain and suffering. The amount of the damages awarded by the jury to Lucille Mayer was $1,290. The plaintiff had suffered a compression fracture of the eleventh and twelfth vertebrae. She was hospitalized for a period of three weeks during which time she suffered considerable pain. She was unable to do her housework for a period of at least six months. While, in accordance with the testimony of the orthopedic surgeon, J. Howard Johnson, who was a witness for the defendant, there has been a perfect healing as it relates to the fractures of the eleventh and twelfth vertebrae, nevertheless, she underwent a healing period of three months with an additional three months for convalescence. It is therefore the considered opinion of this court, taking into consideration all the evidence in relation to the injuries sustained by this plaintiff, as well as the depleted purchasing power of the dollar, that the amount of damages awarded to the plaintiff for pain and suffering was grossly inadequate."

For the reasons hereinbefore stated I do not believe there was any abuse of discretion in ordering a new trial in the interests of justice and I would affirm.

* Motion for rehearing denied, with $25 costs, on December 7, 1954.