GANDT, Respondent, vs. JOINT SCHOOL DISTRICT NO. 3 OF TOWNS OF OCONTO FALLS, etc., Appellant.

*May 7—June 3, 1958.*

For the appellant there was a brief by *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Howard N. Lehner*.

For the respondent the cause was submitted on the brief of *Leon E. Riemer* of Gillett.

MARTIN, C. J.    Sec. 40.53, Stats., provides that school boards of all school districts operating public elementary schools shall provide transportation to and from school for all pupils residing in the district two miles or more from the nearest public school they may attend. In *Pagel v. School Dist.* (1924), 184 Wis. 251, 199 N. W. 67, it was held that travel on a private road is included in ascertaining the distance between home and school.

The question involved is whether or not the distance between the home of the plaintiff and the school attended by his children entitles him to compensation for the cost of transporting his children.

Plaintiff's farm home is located south of a public road running east and west. The schoolhouse is to the east thereof. During the school years commencing in 1953 and 1954 plaintiff had a driveway located east of his house which the children used in going to and from school. On February 20, 1954, plaintiff and two members of the school board measured the distance between the house and the school as 11 feet short of two miles. Plaintiff claimed that the measurement deviated from the usually traveled route by cutting across

his lawn. Before the commencement of the 1955 school year plaintiff established a driveway west of his house.

On June 13, 1957, the distance between house and school was remeasured. Several measurements were made and the route via the east driveway, as well as that via the west driveway, was found to be in excess of two miles. This was the testimony of Richard Dirks, a high-school instructor at Gillett, who made the measurements and who was assisted by Warren Eisath. Eisath did not testify, but it was stipulated that his testimony would be the same as Dirks'.

It is defendant's position that the 1954 measurement prevails. That was a question of fact for the trial court. It found that during each of the three school years involved the distance between home and school, measured along the "closest usually traveled route," was in excess of two miles. The 1954 measurement admittedly did not follow the east driveway but cut across the lawn to the back door of plaintiff's home. The children's mother testified that at that time the usually traveled route of the children was the east driveway and that there was no path across the lawn where the measurement was made. From the trial court's finding it is apparent that it rejected the 1954 measurement as not being the usually traveled route. The evidence supports the finding.

Defendant points out that there is no explanation in the record of why plaintiff rerouted his driveway, and cites 22 Op. Atty. Gen. 783, to the effect that a private road lengthening the distance from home to school should not be used in measuring that distance if the lengthening of the private road was " 'palpably fraudulent and taken solely for the purpose of coming within the purview of the school transportation law.' " If the trial court had concluded that the 1954 measurement was to be accepted, it might have drawn the inference that the west driveway was established by the plaintiff for the purpose of coming within the statute, but it did not do so.

The trial court having found, however, that the distance of the "closest usually traveled route" was more than two miles even before the west driveway was put in, there was no room for the inference that the driveway was changed to come within the statute.

Defendant further relies on the provisions of sec. 40.53 (5) (b), Stats., for appeal to the state superintendent of schools when the district board and the parents cannot agree upon the amount of compensation for transportation furnished by parents. That section of the statutes contemplates a contract being entered into between the district board and the parents for such transportation. Here it is undisputed that no attempt was ever made to enter into a contract. The defendant at all times maintained that the plaintiff's children lived within two miles of the school. The provisions relied on apply only in cases where the district board admits it has the obligation to furnish transportation.

So far as the amount of compensation is concerned, that was stipulated by the parties in open court. Attorneys for both parties agreed that $118, which was the amount demanded in the complaint, is a reasonable sum for the transportation furnished by the plaintiff.

Defendant also maintains that mandamus is the proper remedy. This was not argued in the trial court, and it cannot be argued here.

*By the Court.*—Judgment affirmed.