Cordes and another, Appellants, v. Hoffman and another, Respondents.

*February 4—March 5, 1963.*

For the appellants there was a brief and oral argument by *Donald R. Hunter* and *Michael O. Donnelly*, both of Milwaukee.

For the respondents there was a brief by *Foley, Sammond & Lardner*, attorneys, and *Eugene C. Daly* of counsel, and oral argument by *Mr. Daly*, all of Milwaukee.

HALLOWS, J. As a matter of right the plaintiffs cannot question the applicability or the validity of secs. 269.03 and 269.04, Stats., because these issues were not raised at the trial level. *Gandt v. Joint School Dist.* (1958), 4 Wis. (2d) 419, 90 N. W. (2d) 549; *Zombkowski v. Wisconsin River Power Co.* (1954), 267 Wis. 77, 81, 64 N. W. (2d) 236. This court does have, however, the power and may consider the entire record and dispose of questions of law although presented for the first time on appeal. *Herro v. Heating & Plumbing Finance Corp.* (1931), 206 Wis. 256, 239 N. W. 413; *Cappon v. O'Day* (1917), 165 Wis. 486, 162 N. W. 655; *Braasch v. Bonde* (1926), 191 Wis. 414, 211 N. W. 281; and *Dupont v. Jonet* (1917), 165 Wis. 554, 162 N. W. 664. Specifically, questions of constitutionality will not ordinarily be considered which are

not first raised at the trial level. *Wisconsin Power & Light Co. v. Dean* (1957), 275 Wis. 236, 242, 81 N. W. (2d) 486; *Ludwig v. John Hancock Mut. Life Ins. Co.* (1956), 271 Wis. 549, 555, 74 N. W. (2d) 201; *State ex rel. Nelson v. Rock County* (1955), 271 Wis. 312, 73 N. W. (2d) 564.

Although the plaintiffs do not have the right to have the applicability of secs. 269.03 and 269.04, Stats., reviewed, we will consider their applicability because of the importance of the question as a matter of practice.

Upon the service of the complaint, the defendants might have offered judgment under sec. 269.02, Stats., in which case if the plaintiffs had rejected the offer and the plaintiffs failed to recover a more-favorable judgment the defendants would have been entitled to full costs. *Nolop v. Spettel* (1954), 267 Wis. 245, 64 N. W. (2d) 859. The defendants, however, before serving their answer made an offer of damages in the amount of $1,500 under sec. 269.03. This section provides a defendant may make a written offer that if he fails in his defense the damages may be assessed at the specified sum and if the plaintiff accepts the offer within ten days and before trial and prevails on the trial, the damages shall be assessed accordingly. However, if the plaintiff does not accept the offer of damages and if the damages assessed at the trial in his favor do not exceed the damages offered, the defendant may recover that part of his expenses relating to the necessary preparation and defense of the damage issue. Defendants on their motion claimed $2,206.66 as necessary expenses. These included legal services of $1,850, medical examination and witness fees of $285, adverse examination $66.71, and long-distance telephone $4.95.

At the time of defendants' offer under sec. 269.03, Stats., they had not yet served their answer and the plaintiffs

had no way of knowing what the defense would be. This offer complied neither with sec. 269.02 as an offer of judgment because it did not purport to be such, nor with sec. 269.03 because the defendants had not asserted their defense. We construe sec. 269.03 to require the defense of the defendant to be pleaded at the time the offer is made. The statute contemplates the offer of damages is based upon a defense on issues other than damages on which issues the defendant fails, otherwise the defendant is in the same position as one making an offer of judgment. Secs. 269.03 and 269.04 came from the Field Code and were created by ch. 120, secs. 288 and 289, Laws of 1856. Originally, these sections applied only to contract actions and in 1936 were extended to noncontract actions by court rule. See 217 Wis. p. vii. What the defendants have attempted to do here by making the offer of damages under sec. 269.03 without having their defense in the case and later putting in an answer admitting negligence was to secure their expenses under sec. 269.03 rather than costs to which they would have been entitled if they had made an offer of judgment under sec. 269.02. The defendants did not comply with sec. 269.03. They neither put in a defense at the time of or prior to the offer nor did they fail in their defense—they admitted liability. It was error for the trial court to grant the defendants' motion and on this issue the plaintiffs are entitled to judgment on the verdict with their costs.

It would seem illogical and incongruous if only *costs* computed on the demand of the complaint are to be awarded defendant under sec. 269.02, Stats., that sec. 269.04 should provide the defendant recover his *expenses* incurred in consequence of any necessary preparation and defense in respect

to the question of damages. We also point out sec. 327.22, relating to admissions and denials of facts and documents, provides for reasonable expenses of proving any fact or document mentioned in the notice and not admitted. Although the question was not raised in this case, we express doubt if attorney's fees are included within the meaning of expenses in secs. 269.04 and 327.22. We are suggesting to the judicial council that it make a study of these sections.

The plaintiffs contend the damages awarded Mary E. Cordes were inadequate and ask this court under *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393, to extend an option for an additur to the defendants in the amount determined by this court. If this court agreed with the plaintiffs that the amount of damages was inadequate it could exercise its power to determine the reasonable amount of damages under the *Powers Case* and grant a new trial with an option to the defendants to accept judgment against them for such amount. See *Rupp v. Travelers Indemnity Co.* (1962), 17 Wis. (2d) 16, 115 N. W. (2d) 612. We have reviewed the medical testimony. While there is a conflict in the evidence, it was within the province of the jury to find the fracture of the radial head of the right elbow was not discovered for thirty days, was minimal, and resulted in no permanent injury. The whiplash injury the jury could and apparently did find existed only for about two months and resulted in no permanent disability. While Mrs. Cordes received medical care for several months after the accident she sought no medical care for some two and one-half years thereafter while she was in Alaska. Such examinations as she had after returning to Milwaukee were for the purpose of trial and not treatment. She lost neither work nor wages as a result of the accident.

The jury rejected the claimed injury of a personality change. It was not convinced by the testimony of two witnesses and that of the plaintiff Mary E. Cordes, and we believe rightly so. The credibility of the witnesses, of course, is for the jury. Likewise the jury was justified in discounting some of the claim for pain and suffering. See *Mayer v. Boynton Cab Co.* (1954), 267 Wis. 486, 66 N. W. (2d) 136. While the jury award might be low, we do not find it inadequate.

The award of $267.50 to the plaintiff Henry Cordes is likewise sustained by the evidence. The jury was justified in finding the myelogram test given Mrs. Cordes shortly before trial was an expense in preparation for trial rather than a medical expense. Such costs are not recoverable. *Kalish v. Milwaukee & S. T. Corp.* (1955), 268 Wis. 492, 67 N. W. (2d) 868.

*By the Court.*—Judgment appealed from is reversed, with directions to enter judgment on the verdict for the plaintiffs with costs.