DAVIS, Appellant, v. ALLSTATE INSURANCE COMPANY and another, Respondents.

*No. 306.   Argued May 2, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 734.)

For the appellant there was a brief and oral argument by *S. A. Schapiro* of Milwaukee.

For the respondents there was a brief by *Kivett & Kasdorf*, attorneys, and *Keith I. Johnston* of counsel, all of Milwaukee, and oral argument by *Mr. Johnston*.

BEILFUSS, J.  The plaintiff-appellant makes two principal contentions in this appeal, to wit: (1) The damage award as to past pain, suffering and disability is inadequate and that he is entitled to a new trial on damages or an additur; and (2) that the apportionment of negligence is not adequately supported by the evidence and that this court should fix the apportionment with an option for a new trial.

We have said many times that an award of damages for pain, suffering and disability must find its basis on the credible evidence but that the amount of the award is a matter resting largely in the discretion of the jury. This is because damages of this kind cannot be calculated with any substantial degree of mathematical certainty.

Verdicts will not be set aside nor options to accept reasonable amounts or a new trial ordered merely because the award was large or small or because we, as a review-

ing court, would have, as an original matter, awarded a lesser or greater amount. This is especially so where the trial court approves the verdict.

In this case the plaintiff-appellant was twenty years of age and in good health on February 20, 1968, the day of the accident. His injuries consisted of a comminuted fracture of the humerus in his left arm and numerous nonserious abrasions and contusions. He was in the hospital four or five days and had a full arm cast for about seven or eight weeks. He did experience quite severe pain the first few days but it was controlled by medication. The fracture healed normally within twelve weeks, as was expected by the doctors. During the time the cast was on he did engage in some of his usual social activities. After the cast was removed he availed himself of only two physical therapy treatments, although advised by his doctor to have several more. Late in April he bought and operated a motorcycle; by mid-May he had been bowling, dancing, swimming and golfing; and by June 1st he was back at work and stated he had no difficulty or limitation in the use of his arm. The total award was in effect $2,650—consisting of $1,100 for wage loss, $800 for medical expenses, and $750 for pain, suffering and disability.

While the award of $750 for pain, suffering and disability may be somewhat low, from a review of the entire record we find nothing to indicate perversity or prejudice, nor error of law nor disregard of evidence so as to entitle the plaintiff to a new trial on this issue of damages, nor do we find it so inadequate as to require an additur with an option for a new trial under the *Powers* rule.[2]

The plaintiff-appellant also contends that causal negligence of the apportionment of 64 percent to 36 percent was incorrect as a matter of law. We do not agree.

[2] *Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 102 N. W. 2d 393, and *Cordes v. Hoffman* (1963), 19 Wis. 2d 236, 120 N. W. 2d 137.

In *Hillstead v. Smith* (1969), 44 Wis. 2d 560, 567, 171 N. W. 2d 315, this court stated:

"In the absence of patent unreasonableness of the apportionment, we will not substitute our judgment for that of the jury. We adhere to the rule that a jury's apportionment of negligence and a trial court's approval of that apportionment will be set aside only when the ' "percentages of negligence . . . are . . . grossly disproportionate." ' . . ." [3]

The trial court correctly instructed the jury that Davis had a duty to exercise ordinary care for his own safety even though he was a guest and not chargeable with the momentary management or control of the vehicle. The jury was instructed as to his duty of lookout and to warn the driver of apparent danger. Circumstances which appear in the record and which the jury could have and should have considered in connection with his exercise of ordinary care are that it was nighttime on a two-lane, two-way highway, that the driver was not attempting to pass in an ordinary way but was primarily concerned with recognition by the driver of the car ahead of her; that both vehicles were going up a hill and that Lonnie drove her car into the left lane. These facts, combined with the additional facts that Davis was in the front seat, was sitting close to Lonnie, that he knew what she was attempting to do, and that he could see the speedometer and the hazard that was developing amply justify the jury finding that Davis was causally negligent as to his own safety and that his proportion of the negligence was 36 percent.

We believe the trial court was correct in denying motions after verdict and entering judgment on the verdict.

*By the Court.*—Judgment affirmed.

---

[3] *See also: Capello v. Janeczko* (1970), 47 Wis. 2d 76, 81, 176 N. W. 2d 395; *Ernst v. Greenwald* (1967), 35 Wis. 2d 763, 773, 151 N. W. 2d 706.